The STATE of Texas, Appellant,

v.

Linda K. ROLLINS, Appellee.

The State of Texas, Appellant,

v.

Jimmy Ernest Riggs, Appellee.

Nos. 03–99–00506–CR, 03–99–00507–CR.

Court of Appeals of Texas,
Austin.

Oct. 28, 1999.

---

Hollis C. Lewis Jr., County and District Attorney, Cameron, for Appellant.

Mark M. Humble, Humble & Humble, L.L.P., Cameron, for Appellee.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

MARILYN ABOUSSIE, Chief Justice.

The district court granted motions by appellees Linda K. Rollins and Jimmy Ernest Riggs to dismiss the indictments pending against them for want of a speedy trial. The State seeks to appeal the dismissals. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp.1999). Before us are motions by the State to extend the time for perfecting appeal.

 "The prosecuting attorney may not make an appeal under [article

1. If the State files a notice of appeal before the order is signed, it becomes effective upon

44.01(a)(1)] later than the 15th day after the date on which the order ... to be appealed is entered by the court." *Id.* art. 44.01(d). The date an appealable order is "entered by the court" has been held to mean the date the order is signed by the court. *See State ex rel. Sutton v. Bage,* 822 S.W.2d 55, 57 (Tex.Crim.App.1992); *State v. Rosenbaum,* 818 S.W.2d 398, 402 (Tex.Crim.App.1991).[1] Article 44.01(d) is more than a mere procedural deadline; it is a substantive limit on the State's authority to appeal. *State v. Muller,* 829 S.W.2d 805, 812 (Tex.Crim.App.1992); *State v. Demaret,* 764 S.W.2d 857, 858 (Tex.App.— Austin 1989, no pet.). On the sixteenth day, the State's authority to appeal under the statute ceases to exist and may not be revived by a motion for extension of time. *Demaret,* 764 S.W.2d at 858.

The motions to dismiss were heard by the district court on July 29, 1999. At the conclusion of the hearing, the court announced that the motions were granted. Written orders granting appellees' motions to dismiss state that they were "[s]igned this 29th day of July, 1999." The State's motions for extension of time state that it "believes the order[s were] signed sometime between the afternoon of August 12, 1999 and the morning of August 13, 1999." Attached to each motion is an affidavit by an employee of the Milam County district attorney stating that she made several trips to the district clerk's office to obtain copies of the signed orders, that the orders were unsigned as of August 9, that she was told on August 12 that the orders had been given to the district judge to sign, and that the signed orders were found by the clerk the following day. The State filed its notices of appeal on August 26, 1999, more than fifteen days after July 29 but within fifteen days following August 12.

 Because the timeliness of the State's notices of appeal depends on the

signing. *See* Tex.R.App. P. 27.1(b).

date the dismissal orders were signed, and because that date was in dispute, this Court abated the appeals for a hearing to determine the date of signing, and for findings of fact thereon. The district court found that it signed the dismissal orders on July 29, 1999, immediately after announcing its decisions in open court, and that the signed orders were at all times in the files maintained by the Milam County district clerk. The testimony at the hearing supports these findings. Briefly summarized, the testimony reflects that unsigned orders were attached to the motions to dismiss when filed by appellees' counsel; the unsigned orders were placed in the clerk's files with the motions to dismiss; the dismissal orders were signed by the judge at the bench on July 29; the judge left Milam County on a ten-day trip two days later; the district clerk and her employees did not know that signed orders were in the clerk's files but instead believed that they would be forthcoming from the judge; the statements to the district attorney's employee were made in the good faith belief that orders had not been signed; and no one thought to look for signed orders in the files themselves until on or about August 13.

In civil cases, additional time for filing notice of appeal may be obtained if a party affected by a judgment or other appealable order does not receive notice or have actual knowledge of signing. *See* Tex.R.App. P. 4.2. No comparable rule exists for criminal cases, and in any event statutory requirements must prevail over any procedural rule. As previously discussed, article 44.01(d) limits the State's authority to appeal to the fifteen-day period following the signing of an appealable order. Although the district attorney was proceeding in the good faith belief that no orders of dismissal had been signed, we may not disregard the clear terms of article 44.01(d) and extend the time for perfecting appeal. The State's motions for extension of time to file notice of appeal are overruled. Because the State did not file its notices of appeal within fifteen days following the signing of the dismissal orders, we have no alternative but to dismiss the appeals for want of jurisdiction.

The appeals are dismissed.