The STATE of Texas, State,

v.

Paul CARSON, Appellee.

No. 2–99–439–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 3, 2000.

Jack Naranjo, Arlington, for Appellant.

William H. "Bill" Ray, Fort Worth, for Appellee.

PANEL D: LIVINGSTON, DAUPHINOT, and RICHARDS, JJ.

## OPINION ON REHEARING

TERRIE LIVINGSTON, Justice.

We deny appellant's motion for rehearing. We withdraw our opinion and judgment of December 2, 1999 and substitute the following to clarify some issues raised by the State's motion for rehearing. The result has not been modified.

The State of Texas, appellant, attempts to appeal from the trial court's order acquitting appellee Paul Carson. Because the appeal is untimely, we dismiss for want of jurisdiction.

Appellee was charged in municipal court with offensive and provocative physical contact. Appellee pleaded not guilty, but the municipal court found him guilty of assault and fined him $500. Appellee appealed to the county criminal court. *See* TEX.CODE CRIM. PROC. ANN. art. 4.08 (Vernon 1977), art. 45.042 (Vernon Supp.2000). The county criminal court initially affirmed the municipal court's judgment; however, on August 24, 1999, the county criminal court signed a judgment reversing the municipal court's judgment, dismissing the complaint, and acquitting appellee. On September 3, the State filed a motion for rehearing, which the county criminal court denied on September 20. The State filed a notice of appeal on September 28.

■ The State's notice of appeal was not timely filed. The State may not appeal "later than the 15 th day after the date on which the order, ruling, or sentence to be appealed is entered by the court." TEX.CODE CRIM. PROC. ANN. art. 44.01(d) (Vernon Supp.2000); *see also* TEX.R.APP. P. 26.2(b). The State cannot extend this deadline by attempting to file a motion for new trial or a motion for rehearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(d); *State v. Rollins*, 4 S.W.3d 453, 454 (Tex. App.—Austin 1999, no pet.); *Freeman v. State*, 917 S.W.2d 512, 514 (Tex.App.—Fort Worth 1996, no pet.). *But cf. Texas Dep't of Pub. Safety v. Fecci*, 989 S.W.2d 135, 138 (Tex.App.—San Antonio 1999, pet. denied) (holding motion for rehearing was post-judgment motion, similar to motion for new trial, that extended appellate timetable under TEX.R.APP. P. 26.1(a)). "Article 44.01(d) is more than a mere procedural deadline; it is a substantive limit on the State's authority to appeal." *Rollins*, 4 S.W.3d at 454 (citing *State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App.1992)); *see also State v. McKinney*, 803 S.W.2d 374, 377 (Tex.App.—Houston [14 th Dist.] 1990, no pet.) (holding State does not have legal power to file notice of appeal after 15–day deadline expires).

■ The State argues that its notice of appeal was timely because the county criminal court was acting as an appellate court; thus, the appellate rehearing rules apply, which tolled the appellate timetable until the motion for rehearing was ruled on. *See* TEX.R.APP. P. 49.5 & 68.2(a). However, even though the county criminal court may have been acting in an appellate

capacity, the rules of appellate procedure do not apply in that court. *See Fecci,* 989 S.W.2d at 138. *See generally* TEX.R.APP. P. 1.1, 3.1(b). To timely appeal the county criminal court's ruling, the State was required to comply with article 44.01(d). TEX.CODE CRIM. PROC. ANN. art. 44.01(d); *see Rollins,* 4 S.W.3d at 454.

■ Because the county criminal court entered its judgment on August 24, the State's notice of appeal was due September 8. The State did not file its notice of appeal until September 28. Although the State argues it is appealing the denial of its motion for rehearing on September 20, the State's appeal is actually directed to the county criminal court's August 24 acquittal order. The lack of a timely notice of appeal deprives this court of jurisdiction to hear the State's appeal. Consequently, we have no authority but to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 209 (Tex.Crim.App.1998); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 43.2(f).

**In the Interest of J.A.B.**