COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§            No. 08-10-00258-CR

§

§            Appeal from the

EX PARTE:  MIGUEL MARTINEZ.            §            171st Judicial District Court

§            of El Paso County, Texas

§            (TC# 20020D05555-171-1)

§

**O P I N I O N**

Miguel Martinez is attempting to appeal the trial court's denial of his application for

habeas relief.  Because he did not file a timely notice of appeal, we dismiss the appeal.

On May 25, 2010, Martinez's attorney filed an application for a writ of habeas corpus

pursuant to Article 11.072 of the Texas Code of Criminal Procedure.  The application asserted

that Martinez's guilty plea to a drug charge was involuntary because his trial attorney did not

advise him that the plea would result in his deportation from this country.  The State filed an

answer, accompanied by a proposed order denying the application.  On June 11, 2010, the trial

judge signed, but did not file, the State's proposed order.  At a subsequent hearing, it was

established that the judge gave the signed order to her court coordinator, but the court

coordinator did not see it because it was in a file underneath other papers.  On July 19, 2010, an

assistant district attorney went to the judge's office to inquire about the status of the order.  The

court coordinator pulled the file and found the signed order, which the assistant district attorney

immediately filed and then sent to Martinez's attorney by certified mail.  Martinez's attorney

received the order on July 21. He filed a notice of appeal on August 18, 2010.

When the trial court denies habeas relief in a criminal case, the notice of appeal must be filed within thirty days after "the trial court enters an appealable order." TEX.R.APP.P. 26.2(a)(1); *see also Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex.App.--El Paso 2006, pet. ref'd). The word "enters" refers to the date that the order was signed. *See Ortiz v. State*, 299 S.W.3d 930, 933 (Tex.App.--Amarillo 2009, no pet.). Consequently, Martinez's notice of appeal was due on July 12, 2010—thirty days after the order denying habeas relief was signed.

Upon receipt of the clerk's record, the clerk of this Court notified the parties that the notice of appeal did not appear to be timely. The clerk stated that the appeal would be dismissed for want of jurisdiction unless any party could show grounds for continuing the appeal.

In response to the clerk's notice, Martinez's attorney contends that the notice of appeal should be considered timely because it was filed within thirty days after he received the order denying habeas relief. He relies on Rule 306a(4) of the Texas Rules of Civil Procedure, which provides for the extension of certain deadlines when the clerk of the court fails to give a party timely notice of the signing of an appealable order. Martinez also relies on *Stansberry v. State*, 239 S.W.3d 260 (Tex.Crim.App. 2007), and *Ortiz v. O. J. Beck & Sons, Inc.*, 611 S.W.2d 860 (Tex.Civ.App.--Corpus Christi 1980, no writ).

Rule 306a is a rule of civil, not criminal, procedure. Its provisions are incorporated into Rule 4.2 of the Texas Rules of Appellate Procedure. By its express terms, Rule 4.2 applies to civil cases. There is no comparable provision for criminal cases. *State v. Rollins*, 4 S.W.3d 453, 455 (Tex.App.--Austin 1999, no pet.). Accordingly, Rule 306a does not apply to this case.

In *Stansberry*, the appellant timely tendered his notice of appeal to the district court clerk,

but it did not appear in the record due to a clerical error. 239 S.W.3d at 262-63. The Court of Criminal Appeals held that jurisdiction vested in this Court when the notice of appeal was timely tendered to the clerk, and this Court was not divested of jurisdiction when the notice of appeal was subsequently misplaced through no fault of the appellant. *Id*. This holding was based on the principle "that a litigant who properly pursues his right to appeal should not be prejudiced by a clerk's error that prevents the timely filing of a notice of appeal. If a document would have been timely filed but for an error by an employee of the court, then the document is considered to be timely filed." *Id*. at 262-63.

The situation in *Stansberry* is distinguishable from the circumstances here. In *Stansberry*, it was undisputed that the notice of appeal was timely tendered to the clerk. A document is deemed to be filed "when it is placed in the custody or control of the clerk." *Id*. at 263 [Internal quotation marks omitted]. Therefore, the notice of appeal was timely filed even though it was not in the record. The notice of appeal in this case was not timely filed.

Nor can it be said that a court employee's error prevented Martinez from appealing. *See id*. at 262-63. The Texas Rules of Appellate Procedure provide a mechanism for extending the time to appeal. A party may obtain an extension by filing the notice of appeal and a motion for extension of time within fifteen days after the deadline passes. TEX.R.APP.P. 26.3. Martinez's attorney received the order denying habeas relief within fifteen days after the deadline for filing the notice of appeal. Therefore, he could have obtained an extension of time to file the notice of appeal under Rule 26.3.

In *Ortiz*, the judgment reflected that it was "signed and entered" on September 24. 611 S.W.2d at 864. However, the trial judge sent counsel a letter dated September 25, stating that the

-3-

judgment would "be entered as of this date." *Id*. After a hearing, the trial judge found that the judgment had been incorrectly dated and was actually signed on September 25. *Id*. at 864-65. The appellate court upheld this factual finding, thus making the subsequent appeal timely. *Id*. But the appellate court also held that it would reach the same result even if the judgment had actually been signed on September 24. *Id*. at 865. While acknowledging that the appellate deadlines generally run from the date a judgment is signed, the court concluded that this rule should not apply if signing occurred before announcement of the decision. The court noted that the requirement that a decision be announced is an integral part of rendering the judgment. *Id*. "Otherwise, the time for appeal could expire before a judgment or order became a matter of public record, and a signed judgment or order which was lost or misplaced prior to its public announcement could foreclose a direct appeal." *Id*.

In essence, the *Ortiz* court refused to apply the appellate rules in a way that would preclude a party from appealing if the appealable order was misplaced after it was signed. The court's concern is similar to the Court of Criminal Appeals' concern in *Stansberry*. As noted above, however, Martinez was not precluded from appealing as a result of the court's failure to file the order denying habeas relief. His attorney learned that the order had been signed well within the period for filing a motion for extension of time.

Moreover, a decision of the Court of Criminal Appeals, which we are bound to follow, conflicts with the approach taken in *Ortiz*. *See State ex rel. Sutton v. Bage*, 822 S.W.2d 55 (Tex.Crim.App. 1992). In *Sutton*, the trial judge signed an order quashing an indictment on November 16, but the order was not stamped "filed" until November 20. *Id*. at 56. The State filed a notice of appeal on December 4. *Id*. The appellate clerk refused to file the appeal because

it was not brought within fifteen days after the order was "entered," as was then required for a state's appeal. *Id*. at 56 & n.2. The Court of Criminal Appeals agreed that the notice of appeal was not timely. *Id*. at 57. The court relied on a previous decision in which it had held that the word "entered," as used in the statute providing for a state's appeal, means "signed." *See id*., *citing State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex.Crim.App. 1991).

Two members of the court dissented, and one of the dissenting opinions sets forth some procedural facts that were not discussed in the majority opinion. *See id*. at 57-8 (McCormick, J., dissenting). The trial judge orally granted the motion to quash and instructed defense counsel to prepare a written order and submit it to the State's counsel for approval. *Id*. Without getting approval from the State's counsel, defense counsel sent a proposed order to the judge *ex parte*. *Id*. at 58. The judge signed the order on November 16 and mailed it to the clerk, who filed it on November 20. *Id*. The clerk did not send notice to the State's counsel that the order had been filed, and the State did not learn of the order until December 3—seventeen days after it was signed. *Id*.

The facts of this case are similar to those in *Sutton*. In both cases, the order was not filed when it was signed, and the appellant did not know about the order until after the deadline for appealing had passed. The facts in *Sutton* were even more egregious because the State, unlike Martinez, could not obtain an extension of time to appeal. *See Rollins*, 4 S.W.3d at 454. Judge McCormick pointed out in his dissent that "a party may be denied a right to appeal in any case where a judge, without notice to the party, signs an appealable order which does not get filed (entered) of record within the time required for notice of appeal." *Sutton*, 822 S.W.2d at 58.

Nevertheless, the majority held that the notice of appeal was untimely.[1]

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). The notice of appeal filed on August 18, 2010 was not timely. Accordingly, this appeal is dismissed for want of jurisdiction.

October 6, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[1] The Court of Criminal Appeals refused to revisit *Sutton* and *Rosenbaum* as recently as 2006. *See Ex parte Nunes*, No. PD-0974-05, 2006 WL 1171163, at *5 (Tex.Crim.App. May 3, 2006)(not designated for publication). In *Nunes*, as in this case, the appellant filed an application under Article 11.072. *Id*. at *2. The trial judge signed an order on the application on March 15, but did not notify counsel of the order until April 25. *Id*. at *2-*3. The order was filed on April 27. *Id*. at *3. The Court of Criminal Appeals "granted discretionary review to reexamine this Court's precedents holding that the act of entering an appealable order occurs when the trial court signs the order," but the court ultimately found it unnecessary to reach this issue because it construed the trial judge's ruling not to be a valid final order. *Id*. at *1, *5. The court noted, however, that *Rosenbaum* had "not unleashed [a] parade of horrors." *Id*. at *5.