COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







                           


EX PARTE: MIGUEL MARTINEZ.



                            

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-10-00258-CR

Appeal from the

171st Judicial District Court

of El Paso County, Texas 

(TC# 20020D05555-171-1) 





O P I N I O N

            Miguel Martinez is attempting to appeal the trial court’s denial of his application for
habeas relief. Because he did not file a timely notice of appeal, we dismiss the appeal.
            On May 25, 2010, Martinez’s attorney filed an application for a writ of habeas corpus
pursuant to Article 11.072 of the Texas Code of Criminal Procedure. The application asserted
that Martinez’s guilty plea to a drug charge was involuntary because his trial attorney did not
advise him that the plea would result in his deportation from this country. The State filed an
answer, accompanied by a proposed order denying the application. On June 11, 2010, the trial
judge signed, but did not file, the State’s proposed order. At a subsequent hearing, it was
established that the judge gave the signed order to her court coordinator, but the court
coordinator did not see it because it was in a file underneath other papers. On July 19, 2010, an
assistant district attorney went to the judge’s office to inquire about the status of the order. The
court coordinator pulled the file and found the signed order, which the assistant district attorney
immediately filed and then sent to Martinez’s attorney by certified mail. Martinez’s attorney
received the order on July 21. He filed a notice of appeal on August 18, 2010.
            When the trial court denies habeas relief in a criminal case, the notice of appeal must be
filed within thirty days after “the trial court enters an appealable order.” Tex.R.App.P. 
26.2(a)(1); see also Ex parte Delgado, 214 S.W.3d 56, 58 (Tex.App.--El Paso 2006, pet. ref’d). 
The word “enters” refers to the date that the order was signed. See Ortiz v. State, 299 S.W.3d
930, 933 (Tex.App.--Amarillo 2009, no pet.). Consequently, Martinez’s notice of appeal was
due on July 12, 2010—thirty days after the order denying habeas relief was signed. 
            Upon receipt of the clerk’s record, the clerk of this Court notified the parties that the
notice of appeal did not appear to be timely. The clerk stated that the appeal would be dismissed
for want of jurisdiction unless any party could show grounds for continuing the appeal.
            In response to the clerk’s notice, Martinez’s attorney contends that the notice of appeal
should be considered timely because it was filed within thirty days after he received the order
denying habeas relief. He relies on Rule 306a(4) of the Texas Rules of Civil Procedure, which
provides for the extension of certain deadlines when the clerk of the court fails to give a party
timely notice of the signing of an appealable order. Martinez also relies on Stansberry v. State,
239 S.W.3d 260 (Tex.Crim.App. 2007), and Ortiz v. O. J. Beck & Sons, Inc., 611 S.W.2d 860
(Tex.Civ.App.--Corpus Christi 1980, no writ).
            Rule 306a is a rule of civil, not criminal, procedure. Its provisions are incorporated into
Rule 4.2 of the Texas Rules of Appellate Procedure. By its express terms, Rule 4.2 applies to
civil cases. There is no comparable provision for criminal cases. State v. Rollins, 4 S.W.3d 453,
455 (Tex.App.--Austin 1999, no pet.). Accordingly, Rule 306a does not apply to this case.
            In Stansberry, the appellant timely tendered his notice of appeal to the district court clerk,
but it did not appear in the record due to a clerical error. 239 S.W.3d at 262-63. The Court of
Criminal Appeals held that jurisdiction vested in this Court when the notice of appeal was timely
tendered to the clerk, and this Court was not divested of jurisdiction when the notice of appeal
was subsequently misplaced through no fault of the appellant. Id. This holding was based on the
principle “that a litigant who properly pursues his right to appeal should not be prejudiced by a
clerk’s error that prevents the timely filing of a notice of appeal. If a document would have been
timely filed but for an error by an employee of the court, then the document is considered to be
timely filed.” Id. at 262-63.
            The situation in Stansberry is distinguishable from the circumstances here. In Stansberry,
it was undisputed that the notice of appeal was timely tendered to the clerk. A document is
deemed to be filed “when it is placed in the custody or control of the clerk.” Id. at 263 [Internal
quotation marks omitted]. Therefore, the notice of appeal was timely filed even though it was
not in the record. The notice of appeal in this case was not timely filed.
            Nor can it be said that a court employee’s error prevented Martinez from appealing. See
id. at 262-63. The Texas Rules of Appellate Procedure provide a mechanism for extending the
time to appeal. A party may obtain an extension by filing the notice of appeal and a motion for
extension of time within fifteen days after the deadline passes. Tex.R.App.P. 26.3. Martinez’s
attorney received the order denying habeas relief within fifteen days after the deadline for filing
the notice of appeal. Therefore, he could have obtained an extension of time to file the notice of
appeal under Rule 26.3.
            In Ortiz, the judgment reflected that it was “signed and entered” on September 24. 611
S.W.2d at 864. However, the trial judge sent counsel a letter dated September 25, stating that the
judgment would “be entered as of this date.” Id. After a hearing, the trial judge found that the
judgment had been incorrectly dated and was actually signed on September 25. Id. at 864-65. 
The appellate court upheld this factual finding, thus making the subsequent appeal timely. Id. 
But the appellate court also held that it would reach the same result even if the judgment had
actually been signed on September 24. Id. at 865. While acknowledging that the appellate
deadlines generally run from the date a judgment is signed, the court concluded that this rule
should not apply if signing occurred before announcement of the decision. The court noted that
the requirement that a decision be announced is an integral part of rendering the judgment. Id. 
“Otherwise, the time for appeal could expire before a judgment or order became a matter of
public record, and a signed judgment or order which was lost or misplaced prior to its public
announcement could foreclose a direct appeal.” Id.
            In essence, the Ortiz court refused to apply the appellate rules in a way that would
preclude a party from appealing if the appealable order was misplaced after it was signed. The
court’s concern is similar to the Court of Criminal Appeals’ concern in Stansberry. As noted
above, however, Martinez was not precluded from appealing as a result of the court’s failure to
file the order denying habeas relief. His attorney learned that the order had been signed well
within the period for filing a motion for extension of time.
            Moreover, a decision of the Court of Criminal Appeals, which we are bound to follow,
conflicts with the approach taken in Ortiz. See State ex rel. Sutton v. Bage, 822 S.W.2d 55
(Tex.Crim.App. 1992). In Sutton, the trial judge signed an order quashing an indictment on
November 16, but the order was not stamped “filed” until November 20. Id. at 56. The State
filed a notice of appeal on December 4. Id. The appellate clerk refused to file the appeal because
it was not brought within fifteen days after the order was “entered,” as was then required for a
state’s appeal. Id. at 56 & n.2. The Court of Criminal Appeals agreed that the notice of appeal
was not timely. Id. at 57. The court relied on a previous decision in which it had held that the
word “entered,” as used in the statute providing for a state’s appeal, means “signed.” See id., 
citing State v. Rosenbaum, 818 S.W.2d 398, 402 (Tex.Crim.App. 1991).
            Two members of the court dissented, and one of the dissenting opinions sets forth some
procedural facts that were not discussed in the majority opinion. See id. at 57-8 (McCormick, J.,
dissenting). The trial judge orally granted the motion to quash and instructed defense counsel to
prepare a written order and submit it to the State’s counsel for approval. Id. Without getting
approval from the State’s counsel, defense counsel sent a proposed order to the judge ex parte. 
Id. at 58. The judge signed the order on November 16 and mailed it to the clerk, who filed it on
November 20. Id. The clerk did not send notice to the State’s counsel that the order had been
filed, and the State did not learn of the order until December 3—seventeen days after it was
signed. Id.
            The facts of this case are similar to those in Sutton. In both cases, the order was not filed
when it was signed, and the appellant did not know about the order until after the deadline for
appealing had passed. The facts in Sutton were even more egregious because the State, unlike
Martinez, could not obtain an extension of time to appeal. See Rollins, 4 S.W.3d at 454. Judge
McCormick pointed out in his dissent that “a party may be denied a right to appeal in any case
where a judge, without notice to the party, signs an appealable order which does not get filed
(entered) of record within the time required for notice of appeal.” Sutton, 822 S.W.2d at 58. 
Nevertheless, the majority held that the notice of appeal was untimely.



            A timely notice of appeal is necessary to invoke this Court’s jurisdiction. Olivo v. State,
918 S.W.2d 519, 522 (Tex.Crim.App. 1996). The notice of appeal filed on August 18, 2010 was
not timely. Accordingly, this appeal is dismissed for want of jurisdiction.



October 6, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)