# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00629-CR

## Ex parte Ezra Pleasant

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-02-0333C, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Ezra Pleasant pleaded guilty to one count of aggravated sexual assault of a child and two counts of indecency with a child by contact. Punishment was assessed at ten years' imprisonment for each count, but, on the jury's recommendation, the district court suspended imposition of the sentence and placed Pleasant on community supervision. This Court affirmed the judgments of conviction on appeal. *See Pleasant v. State*, No. 03-03-00514-CR, 2005 Tex. App. LEXIS 856 (Tex. App.—Austin Feb. 3, 2005, no pet.) (mem. op., not designated for publication).[1]

In March 2008, Pleasant filed an application for writ of habeas corpus pursuant to article 11.072 of the code of criminal procedure, the article establishing the procedures for an application for a writ of habeas corpus in a case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision. *See* Tex. Code Crim. Proc. Ann.

---

[1] However, Pleasant is currently incarcerated as a result of a subsequent conviction for additional sex offenses, which this Court also affirmed on appeal. *See Pleasant v. State*, No. 03-04-00691-CR, 2005 Tex. App. LEXIS 10227 (Tex. App.—Austin Dec. 9, 2005, pet. ref'd) (mem. op., not designated for publication).

art. 11.072 (West 2005).[2]  In a nunc pro tunc order signed on January 30, 2009, the district court denied Pleasant habeas relief and adopted findings of fact and conclusions of law in support.  On August 11, 2011—more than two years after the district court's order—Pleasant filed a notice of appeal from the order, giving rise to this cause.

The rules of appellate procedure require that a defendant file his notice of appeal within 30 days after the trial court "enters an appealable order."  Tex. R. App. P. 26.2(a)(1); *see also Ex parte Delgado*, 214 S.W.3d 56, 58 (applying rule 26.2(a)(1) to order denying habeas relief under article 11.072).  For the purposes of the appellate timetable, a trial court "enters" an order when it signs the order.  *See State v. Rosenbaum*, 818 S.W.2d 398, 401-03 (Tex. Crim. App. 1991); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.); *State v. Rollins*, 4 S.W.3d 453, 454-55 (Tex. App.—Austin 1999, no pet.).  The district court signed the appealable order in January 2009, yet Pleasant did not file his notice of appeal until August 11, 2011, more than two years thereafter.[3]  A timely notice of appeal is necessary to invoke this Court's jurisdiction.  *See*

---

[2]  Pleasant had previously filed an application for writ of habeas corpus pursuant to article 11.07 of the code of criminal procedure, which applies to cases in which the applicant seeks relief from a felony judgment imposing a penalty other than death, including cases in which community supervision has been revoked.  *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2011).  The application was ultimately dismissed by the court of criminal appeals without a written order after the trial court determined that Pleasant's community supervision had not been revoked.  *See Ex parte Pleasant*, No. WR-66,334-01 (Tex. Crim. App. Aug. 22, 2007).

[3]  The clerk's record does contain an earlier notice of appeal that Pleasant filed with the district court on May 27, 2009.  This Court never received a copy of this notice of appeal.  However, the earlier notice of appeal, like the one filed in August 2011, was untimely and thus insufficient to invoke this Court's jurisdiction.

*Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Under these circumstances, we must dismiss the appeal for want of jurisdiction.[4] The appeal is dismissed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   March 21, 2012

Do Not Publish

---

[4] We have also received from Pleasant a motion for extension of time to file his appellate brief. In light of our disposition of this appeal, we dismiss the motion as moot.