# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00368-CR
## NO. 03-18-00369-CR

**Ex parte Christian Rodriguez**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NOS. D-1-DC-17-300294 & D-1-DC-17-300295,
### THE HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In each of these cases, appellant Christian Rodriguez filed a notice of appeal from the trial court's denial of his pretrial application for writ of habeas corpus in which he sought a bond reduction. *See* Tex. Code Crim. Proc. arts. 11.08, 11.24.

It is well established that a written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction. *See* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.); *see also State v. Sanavongxay*, 407 S.W.3d 252, 258 (Tex. Crim. App. 2012) (noting that "precedent requires that an order be in writing"). No such order appears in the record in either of these cases.

Ordinarily in a case in which there has been a ruling but no written order has been entered, we would treat the notice of appeal as prematurely filed, abate the appeal, and remand the

case to the trial court for preparation of an appealable order. *See Alexander v. State*, No. 03-13-00337-CR, 2014 WL 3562719, at *1 (Tex. App.—Austin July 18, 2014, no pet.) (mem. op., not designated for publication); *Dewalt*, 417 S.W.3d at 685 n.32; *State v. Rollins*, 4 S.W.3d 453, 454 & n.1 (Tex. App.—Austin 1999, no pet.); *see also* Tex. R. App. P. 27.1(b) (prematurely filed notice of appeal in criminal case is effective and deemed filed on same day appealable order is signed by trial court); Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal). In these cases, however, there is an additional jurisdictional defect that cannot be cured.

While this appeal was pending, the cases for which appellant was subjected to pretrial confinement have been disposed of.[1] Because appellant is no longer subject to pretrial confinement in either of these cases, the appeals of the trial court's ruling on appellant's pretrial application for writ of habeas corpus have been rendered moot, and we therefore lack jurisdiction to consider them. *See Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999); *Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992); *Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990); *Alexander*, 2014 WL 3562719, at *1; *Ex Parte Foster,* No. 02-11-00075-CR, 2012 WL 42934, at *1 (Tex. App.—Fort Worth Jan. 5, 2012, no pet.) (mem. op., not designated for publication); *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

---

[1] The clerk's record in appeal number 03-18-00368-CR (trial court number D-1-DC-17-300294) contains the trial court's order, signed on June 8, 2018, dismissing the case because appellant has been convicted in another case. The clerk's record in appeal number 03-18-00369-CR (trial court number D-1-DC-17-300295) contains a judgement of conviction, entered on June 8, 2018, convicting appellant of aggravated sexual assault and sentencing him to confinement for 20 years in the Texas Department of Criminal Justice.

Considering that we would lack jurisdiction in these appeals even if the records had included a signed written order, it would be an unwarranted waste of judicial resources to now abate these appeals and remand these cases to compel the trial court to sign a written order memorializing its ruling denying appellant's application for writ of habeas corpus. Accordingly, under these particular circumstances, we decline to abate the appeals and instead proceed with our disposition of them. We dismiss these appeals for lack of jurisdiction.

_____
Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed: June 14, 2018

Do Not Publish