

# NUMBER 13-20-00065-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE CHESTER SINCLAIR

**On appeal from the 227th District Court
of Bexar County, Texas.**

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Tijerina**

On December 16, 2021, this Court reversed the trial court's order granting the State's motion to reconsider its previous ruling granting appellant Chester Sinclair's writ of habeas corpus. *See Ex parte Sinclair*, No. 13-20-00065-CR, 2021 WL 5930728, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 16, 2021, no pet. h.) (mem. op, not designated for publication). The State has now filed a motion for rehearing requesting that we hear an argument it raises for the first time in its motion for rehearing. We deny the motion, withdraw our prior memorandum opinion and judgment, and substitute this memorandum

opinion and judgment.[1]

Sinclair appeals the trial court's order denying his application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072. By one issue, Sinclair contends the trial court lacked jurisdiction to grant the State's motion to reconsider its previous ruling granting his application. We reverse and remand.

## I.    PROCEDURAL HISTORY[2]

The trial court granted Sinclair's writ of habeas corpus on August 19, 2019. The State filed a motion to reconsider on September 12, 2019, which the trial court granted by written order on September 17, 2019. On November 5, 2019, the trial court orally denied relief on Sinclair's writ of habeas corpus. Sinclair filed his notice of appeal on December 2, 2019. However, there was no written, signed judgment from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (noting that "precedent requires that an order be in writing"). This Court notified Sinclair of the defect.

After this Court notified Sinclair his appeal would be dismissed because there was no written, final judgment, the State—not Sinclair—sought an appealable order from the trial court, a Bexar County Magistrate. On its own accord, the State filed an "order on [the] State's motion to enter," requesting a written judgment from the trial court "so that [Sinclair] may continue his appeal." On February 18, 2020, the trial court granted the

---

[1] The State also filed a motion for en banc reconsideration, which we dismiss as moot.

[2] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (delineating the jurisdiction of appellate courts).

2

State's motion and entered a written order incorporating its November 5, 2019 oral judgment. The State filed briefs with this Court requesting that we address the merits of Sinclair's appeal.

Subsequently, we addressed the merits of Sinclair's appeal and reversed and remanded in a memorandum opinion. *See Sinclair*, 2021 WL 5930728, at *1. Following this unfavorable ruling, for the first time on a motion for rehearing, the State asserts that this Court lacks jurisdiction over this appeal because the trial court did not enter an appealable order as Bexar County Magistrates have no authority to issue a final order regarding a writ of habeas corpus.

"The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011); *see Willeford v. State*, 72 S.W.3d 820, 823 (Tex. App.—Fort Worth 2002, pet. ref'd) ("The court of criminal appeals has applied invited error when the defendant 'invites' the trial court to do something, the trial court does the act, and thereafter the defendant complains of the trial court's action."). That is, the State "is estopped from seeking appellate relief based on error that it induced" because "to hold otherwise would be to permit [it] to take advantage of its own wrong." *Woodall*, 336 S.W.3d at 644.

Nonetheless, without addressing the merits of the State's argument on its motion for rehearing, we note that this Court's judgment merely instructs the trial court to vacate its September 17 order granting the State's motion to reconsider. This Court did not address the merits or applicability of any of the trial court's previous orders or whether

any of those previous orders are final judgments.[3] Thus, our memorandum opinion is limited to the trial court's September 17 order.

## II. BACKGROUND

In 1998, Sinclair pleaded *nolo contendere* to a charge of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11. The trial court sentenced Sinclair to ten years' confinement but suspended the sentence of confinement and placed him on community supervision for a period of six years, which Sinclair successfully completed in 2004.

On July 18, 2018, Sinclair filed a writ of habeas corpus claiming that he was innocent. *See* TEX. CODE CRIM. PRO. ANN. art. 11.072. On August 19, 2019, the trial court held a hearing on Sinclair's application; the State did not appear.[4] On that same day, the trial court adopted Sinclair's findings of fact and conclusions of law and granted his application for writ of habeas corpus on the basis of "actual innocence."

On September 7, 2019, the State learned of the trial court's order via the district clerk's filing system, and on September 12, 2019, it filed a motion to reconsider alleging a litany of reasons why the trial court's ruling granting Sinclair's application was

---

[3] The district court referred this case to the Bexar County Magistrate. The referral order provides that "[a]ny action [the Magistrate] take[s] will become a decree of th[e District] Court if not super[s]eded by an order entered by me within fifteen (15) days of your report of your action to me." *See* TEX. GOV'T CODE ANN. §§ 54.912(a) (providing that the "referring court may modify, correct, reject, reverse or recommit for further information any action taken by a magistrate"), 54.912(c) (requiring that the referring court "shall enter a decree on the minutes adopting the actions of the magistrate of which the court approves").

[4] According to the State, the reason for its nonappearance at the hearing is it did not receive notice. The record of this hearing contains only the following:

THE COURT: This is Ex Parte Chester Sinclair. This is under writ number 97-CR-3391-W1. This Court hereby enters written findings of fact and conclusions of law which will be placed in the court's file.

4

erroneous. The trial court granted the State's motion to reconsider on September 17, 2019, and held a new hearing on November 5, 2019, to determine if it would grant Sinclair's application. At the conclusion of the hearing, the trial court orally set aside its previous findings of fact and conclusions of law, adopted the State's findings of fact and conclusions of law, and denied relief under the application for writ of habeas corpus. Sinclair now appeals.

### III.    ARTICLE 11.072

By his sole issue, Sinclair argues the trial court lacked jurisdiction to reconsider its previous order. The State responds that Sinclair failed to provide any authority to support this claim.[5]

### A.    Applicable Law

"The plain language of Article I, Section 12 to [the] Texas Constitution gives the Legislature the authority to define the scope of a court's original habeas jurisdiction." *Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008). Article 11.072 establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision. *See* TEX. CODE CRIM. PRO. ANN. art. 11.072. Specifically, article 44.01(k) grants the State the right to appeal an order granting relief to an applicant for writ of habeas corpus under article 11.072 of the Code of Criminal Procedure. *See id.* art. 44.01(k). Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal in a

---

[5] The State also argues that Sinclair failed to preserve this objection for appeal, but this argument is meritless. Challenges to jurisdiction do not need to be preserved. *Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017). Jurisdiction is an absolute, systemic requirement that operates independent of preservation of error requirements. *See id.*

habeas corpus proceeding must be filed within twenty days after the day the trial court enters the order, ruling, or sentence to be appealed. TEX. R. APP. P. 26.2.

## B.     Discussion

Here, the trial court granted Sinclair's writ of habeas corpus on August 19, 2019. The State did not appeal from or otherwise complain about that order within twenty days of that judgment. *See id.* Rather, twenty-four days after the final judgment was signed, the State filed a motion to reconsider in the trial court.

The State relying on *Wachtendorf* claims that a motion to reconsider can be filed in the trial court at any time despite the twenty-day appellate deadline.[6] *See State v. Wachtendorf*, 475 S.W.3d 895, 897 (Tex. Crim. App. 2015) ("Rather than file a notice of appeal within twenty days of the date the trial court signed the order granting the motion to suppress . . . the State waited . . . well over twenty days after the date the order was signed. At that time the State filed, not a notice of appeal, but a motion asking the trial court to reconsider its ruling . . . ."). However, in *Wachtendorf*, the State sought a motion to reconsider following a motion to suppress. *Id.* In that regard, a motion to suppress is interlocutory, and the trial court may reconsider its ruling prior to trial. *See Black v. State*, 362 S.W.3d 626, 635 (Tex. Crim. App. 2012). Therefore, it was proper for the trial court to review and rule on the State's motion to reconsider in a motion to suppress context. *See Wachtendorf*, 475 S.W.3d at 895.

---

[6] Sinclair likewise relies on *State v. Wachtendorf*, 475 S.W.3d 895, 897 (Tex. Crim. App. 2015) and *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) for the proposition that the trial court lacks jurisdiction to rule on a motion to reconsider following its ruling on a writ of habeas corpus. However, those cases analyze the appellate courts' jurisdiction following an appeal from the State. Neither case references the trial court's jurisdiction following a ruling pursuant to Article 11.072.

6

We find our reasoning in *Ex parte Galvan-Herrera* persuasive to the issue of whether the trial court has jurisdiction to grant the State's motion to reconsider its previous order granting a writ of habeas corpus in an article 11.072 proceeding. *See* No. 13-11-00380-CR, 2012 WL 1484097, at *9 (Tex. App. —Corpus Christi–Edinburg Apr. 26, 2012, pet. struck) (mem. op., not designated for publication). In that case, the trial court denied Herrera's application for habeas relief on March 8, 2017, so Herrera filed an amended application two days later. *Id.* at *2. On March 17, 2017, Herrera also filed a motion to reconsider the trial court's denial of his original habeas application. *Id.* The trial court granted the subsequent application. In its conclusions of law, the trial court expressed that Herrera's motion to reconsider or motion for rehearing was "within the trial court's jurisdiction 'as a motion for new trial' filed within thirty days of the original order." *Id.* at *3.

On appeal, we addressed whether it was erroneous for the trial court to conclude that Herrera's motion to reconsider was governed by the rules applicable to motions for new trial. *Id.* at *4; *see* Tex. R. App P. 21.1(a)–(b), 21.4(a) (providing that Rule 21 motions for new trial are a means by which a defendant directly challenges his guilty verdict or punishment, provided the motion is filed within thirty days of the verdict or imposition of sentence). We determined the following:

> the trial court erred in concluding that it could treat Herrera's motion to reconsider as a motion for new trial under rule 21 and that its jurisdiction over Herrera's initial application was extended as a result. Rule 21 does not apply to habeas proceedings—by its express terms, it governs only direct challenges to a defendant's conviction or punishment filed within thirty days of conviction or punishment—and in handling Herrera's habeas application, the trial court's jurisdiction was solely governed by article 11.072, which provides no motion-for-new-trial mechanism.

7

*Ex parte Galvan–Herrera* at *5. Thus, in an article 11.072 proceeding, a trial court's jurisdiction over a habeas proceeding is not extended by a motion to reconsider. We further relied on this specific language from *Ex parte Villanueva*:

> it is clear that the Legislature intended Article 11.072 to provide the *exclusive means by which the district courts may exercise their original habeas jurisdiction* under Article V, Section 8 of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision.

*Id.* at *4 (citing and quoting *Ex parte Villanueva,* 252 S.W.3d at 397) (emphasis in original). After considering all the issues on appeal, we determined that the trial court lacked jurisdiction to consider Herrera's subsequent application. *Id.* at *7. We vacated the trial court's order granting Herrera's subsequent writ of habeas corpus, and we dismissed the subsequent application for lack of jurisdiction. *Id.*

Because a motion to reconsider is not the functional equivalent of a motion for new trial and thereby does not extend the trial court's jurisdiction in a habeas proceeding, we must similarly conclude that the trial court was without jurisdiction to consider the State's motion to reconsider in this article 11.072 proceeding. *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.) ("An application for habeas corpus is not like a motion for new trial in the sense that a habeas proceeding is not part of the underlying criminal prosecution against the applicant.") (citing *Greenwell v. Court of Appeals for the 13th Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005)); *Ex parte Galvan-Herrera*, 2012 WL 1484097, at *5. "In handling [Sinclair's] habeas application, the trial court's jurisdiction was solely governed by article 11.072," which provides no motion for reconsideration mechanism. *Ex parte Galvan-Herrera*, 2012 WL 1484097, at *5; *see*

8

*generally,* TEX. CODE CRIM. PRO. ANN. art. 11.072.

Instead, the Legislature specifically granted the State the right to *appeal* an order granting relief to an applicant for a writ of habeas corpus filed pursuant to article 11.072 within twenty days.[7] *See* TEX. CODE CRIM. PRO. ANN. art. 44.01(k); TEX. R. APP. P. 26.2 (providing that the State's appeal must be filed within twenty days); *Ex parte Villanueva,* 252 S.W.3d at 397 ("[T]he appealability of an application for writ of habeas corpus filed under Article 11.072 following a disposition by the district court is controlled by Section 8 of Article 11.072."); *Doyle v. State*, 317 S.W.3d 471, 476 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (providing that article 11.072 establishes the procedures for an applicant to seek habeas corpus relief); *see also* TEX. R. APP. P. 79.2(d) ("A motion for rehearing an order that denies habeas corpus relief or dismisses a habeas corpus application under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed."). The State cannot extend this deadline by attempting to file a motion for reconsideration*. See State v. Carson*, 13 S.W.3d 811, 812 (Tex. App.—Fort Worth 2000, no pet.) (The State cannot extend this deadline by attempting to file a motion for new trial or a motion for rehearing."); *State v. Rollins*, 4 S.W.3d 453, 454 (Tex. App.—Austin 1999, no pet.) ("Article 44.01(d) is more than a mere procedural deadline; it is a substantive limit on the State's authority to appeal."). Therefore, the trial court was without jurisdiction to rule on the State's motion to reconsider its previous ruling granting Sinclair's writ of habeas corpus.

---

[7] The State was not entirely powerless to preserve its interests in this case because there were actions it could have taken to ensure a timely notice of appeal. For instance, on September 5, 2019, within the twenty-day period, the State learned of the final judgment, yet the State did not file a notice of appeal at that time and instead filed its motion to reconsider seven days later.

## IV.  CONCLUSION

Because the trial court was without jurisdiction to consider the State's motion to reconsider, we reverse the trial court's February 28, 2020 order "entering into the record the ruling of the habeas court, finding that relief should be denied," and remand the case to the trial court with instructions to vacate its September 17, 2019 order granting the State's motion to reconsider.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of March, 2022.