# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00785-CR

**Suzanne Kearns Dewalt, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. CR2006-132, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## O P I N I O N

In 2006, appellant Suzanne Kearns Dewalt was convicted of aggravated kidnapping of her young son to avoid a child-custody order.[1] She was sentenced to a five-year prison term, which she has since completed and been released into the free world again. But among other lingering consequences of her conviction, Dewalt is now required to register as a "sex offender" under Chapter 62 of the Code of Criminal Procedure.[2] Although both sides agree that Dewalt has not been charged with or convicted of any "sex offense" as that term would normally be understood, it remains that her conviction for aggravated kidnapping, coupled with a mandatory affirmative finding made by the district court that the victim (Dewalt's son) was less than 17 years of age at the

---

[1] *See Dewalt v. State*, 307 S.W.3d 437 (Tex. App.—Austin 2010, pet. ref'd).

[2] *See generally* Tex. Code Crim. Proc. arts. 62.001-.408.

time of the offense,[3] established a "reportable conviction" that triggers Chapter 62's reporting obligations.[4] Consequently, Dewalt is, in the eyes of Texas law, a "sex offender" who must self-report as such through the end of the current decade.[5]

At least for purposes of this proceeding, Dewalt has not disputed that Texas's "sex offender" registration requirements apply to her in the first instance. Instead, emphasizing the non-sexual nature of her offense (in the sense normally understood), Dewalt filed a motion for early termination of her obligation to register, invoking the mechanisms set forth in Subsection I of Chapter 62.[6] The district court denied that relief, and Dewalt brought this appeal. Following the district court's ruling on Dewalt's motion for early termination, the State procured a "nunc pro tunc" version of Dewalt's judgment of conviction, and Dewalt subsequently "amended" her notice of appeal to also challenge that ruling.

---

[3] *See* Tex. Penal Code § 20.04 (defining crime of aggravated kidnapping); Tex. Code Crim. Proc. art. 42.015 ("In the trial of an offense under Section . . . 20.04, Penal Code . . . the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than 17 years of age at the time of the offense.").

[4] *See* Tex. Code Crim. Proc. art. 62.001(5)(E) ("reportable conviction or adjudication" for purposes of sex-offender reporting statute includes "a violation of Section . . . 20.04 (Aggravated kidnapping), Penal Code, if . . . the judgment in the case contains an affirmative finding under [Code of Criminal Procedure] Article 42.015").

[5] *See id.* art 62.101. Dewalt was released from incarceration in 2010, which would mean that her reporting obligation based on her aggravated kidnapping conviction would extend at least into 2020. *See id*.

[6] *See id*. arts. 62.401-.408.

We conclude that we lack subject-matter jurisdiction over Dewalt's challenge to either ruling. Alternatively, in the event we somehow possess jurisdiction to review one or both rulings, we could not conclude there is reversible error.

## MOTION FOR EARLY TERMINATION

Under Subchapter I of Chapter 62, an offender required to register as a "sex offender" other than as a condition of parole or probation[7] may file a motion for early termination of the reporting obligation if he or she has first requested and obtained an "individual risk assessment under Article 62.403."[8] Article 62.403 directs the Council on Sex Offender Treatment (the Council) to "establish, develop, or adopt an individual risk assessment tool" or group of tools that "evaluates the criminal history of the person required to register" and "seeks to predict" continuing dangerousness and the likelihood of committing further reportable offenses.[9] This risk-assessment tool or group of tools, in turn, is to be used by the Council in evaluating offenders intending to seek early termination.[10] The Council must also "provide to the person a written report detailing the

---

[7] *See id*. art. 62.408.

[8] *See id*. art. 62.404(a).

[9] *See id*. art. 62.403.

[10] *See id*. art. 62.403(b). The Council has construed this and other material statutes as authorizing it to perform these evaluation functions through contractors. *See* 22 Tex. Admin. Code § 810.305 (authorizing the Council to "contract with licensed sex offender treatment providers to provide deregistration evaluation services").

3

outcome of [the] evaluation," i.e., the offender's continuing dangerousness and the likelihood of committing further reportable offenses.[11]

Article 62.403 further requires that the Council "shall" perform the evaluation and provide the report upon the "written request" of an offender who meets two additional prerequisites: (1) the offender has only a single reportable adjudication or conviction; and (2) that single adjudication or conviction "appears on the list published under Article 62.402(b)."[12] Under article 62.402, the Council by rule is to "determine the minimum required registration period under federal law for each reportable conviction or adjudication under this chapter,"[13] compare these periods to the applicable registration requirement under Texas law, and "compile and publish a list of reportable convictions or adjudications for which a person must register under this chapter for a period that exceeds the minimum required registration period under federal law."[14] Thus, "the list published under Article 62.402" on which the reportable conviction must appear refers to the one prepared by the Council that identifies reportable convictions or adjudications for which the Texas sex-offender registration statute imposes a longer registration requirement than federal law would.

Assuming the offender succeeds in obtaining "an individual risk assessment under Article 62.403," article 62.404 permits the offender to file a motion for early termination with

---

[11] Tex. Code Crim. Proc. art. 62.403(a), (b).

[12] *Id.* art. 62.403(b).

[13] *Id*. art. 62.402(a).

[14] *Id*. art. 62.402(b).

the trial court that sentenced him or her.[15]  Subsection (b) of article 62.404 requires that the motion must be accompanied by:  (1) a certified copy of the written report that the offender obtained under article 62.403; and (2) "a written explanation of how the reportable conviction or adjudication giving rise to the movant's registration under this chapter qualifies as a reportable conviction or adjudication that appears on the list published under Article 62.402(b)."[16]

Article 62.405, in turn, addresses the trial court's duties and powers upon the filing of a motion for early termination.  The trial court "may"—a word that denotes discretion, as Dewalt acknowledges[17]—either "deny without hearing the movant's request for early termination" or "hold a hearing . . . to determine whether to grant or deny the motion."[18]  Subchapter I provides no further guidance regarding the manner in which the trial court exercises its discretion in choosing between granting a hearing versus denying the motion outright.  In this case, the district court opted to hold a hearing on Dewalt's motion.

As for the scope of the court's discretion in deciding the merits of the motion, Subchapter I informs the court only of the following circumstances in which it "may not" grant relief:

---

[15] *Id*. art. 62.404(a).  The judge who had presided over Dewalt's criminal trial in the 207th District Court, the Hon. Gary Steel, recused himself from hearing her motion for early termination.  Thus, as indicated in the caption above, the Hon. Charles R. Ramsay sat instead.

[16] *Id*. art. 62.404(b).

[17]  *See* Tex. Gov't Code § 311.016(1) ("'May' creates discretionary authority or grants permission or a power.").

[18]  Tex. Code Crim. Proc. art. 62.405(a).

5

(1) "the motion is not accompanied by the document required under Article 62.404(b)," i.e., a certified copy of the written report under article 62.403 and the "written explanation of how the reportable conviction or adjudication . . . qualifies as a reportable conviction or adjudication that appears on the list published under Article 62.402(b);" or

(2) "the court determines that the reportable conviction or adjudication for which the movant is required to register under this chapter is not a reportable conviction or adjudication for which the movant is required to register for a period that exceeds the minimum required registration period under federal law."[19]

Nor does Subchapter I expressly confer any right to appeal either the grant or denial of a motion for early termination, and this presents the first of several hurdles to relief that Dewalt cannot overcome. "[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute."[20] Stated another way, in criminal cases, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."[21] The sole provision authorizing an appeal that appears anywhere in Chapter 62 applies to a trial court's order granting or denying a juvenile's motion to be exempt from sex-offender registration requirements.[22] There is no provision in the statute authorizing an appeal from the trial court's grant or denial of a motion for early termination.

---

[19] *Id*. art. 62.405(b); *see id*. art. 62.404(b).

[20] *State v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011).

[21] *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (holding that appeals court had no jurisdiction to consider appeal from trial court's post-judgment order denying appellant's time-credit motion); *see also Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (holding that appeals court had no jurisdiction to consider appeal from trial court's order compelling appellant to take anti-psychotic medicine).

[22] *See* Tex. Code Crim. Proc. art. 62.357.

6

Although Dewalt acknowledges that Chapter 62 contains no provision authorizing her to appeal the denial of her motion for early termination, she insists that such a ruling is appealable under Article 44.02 of the Code of Criminal Procedure, the general authorization permitting appeals by criminal defendants.[23] While recognizing that 44.02 authorizes appeals only from "final judgments,"[24] Dewalt urges that an appeal from the denial of a motion for early termination is "essentially an appeal from a final judgment." We disagree. In this context, "final judgment" refers to a final judgment of conviction, as defined by Article 42.01 of the Code—"A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant."[25] The district court's denial of Dewalt's motion for early termination is not a final judgment of conviction, and is, therefore, not a "final judgment" that can be appealed under article 44.02.

However, Dewalt's primary argument in support of jurisdiction is that the limitations governing criminal appeals are inapplicable here because "sex offender" registration, and her motion for early termination of it, are civil rather than criminal in nature, and that the ruling denying her motion would be appealable under civil law principles. We need go no further than to reject Dewalt's characterization of motions for early termination as civil rather than criminal in nature.

---

[23] *See id*. art. 44.02.

[24] *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under article 44.02 [] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."); *accord Abbott*, 271 S.W.3d at 696-97 & n.8.

[25] Tex. Code Crim. Proc. art. 42.01, § 1; *see Sellers*, 790 S.W.2d at 321 n.4 (citing *Ryan v. State*, 198 S.W. 582, 583 (Tex. Crim. App. 1917)).

As previously indicated, "sex offender" registration is governed by Chapter 62 of the Code of Criminal Procedure, and it is well settled that "[d]isputes which arise over the enforcement of statutes governed by the Texas Code of Criminal Procedure, and which arise as a result of or incident to a criminal prosecution, are criminal law matters."[26] Additionally, the requirement to register as a sex offender is a result of and incident to a criminal prosecution, and a motion for early termination must be filed in a trial court with jurisdiction over criminal cases—specifically, the trial court that sentenced the offender for the reportable conviction or adjudication.[27]

Dewalt claims that the Court of Criminal Appeals recognized in *Rodriguez v. State*[28] that motions for early termination are civil rather than criminal in nature. We disagree. In *Rodriguez*, the sole issue was "whether the retrospective application of Texas's sex offender registration statute to appellant violates the Ex Post Facto Clauses of the United States and

---

[26] *Curry v. Wilson*, 853 S.W.2d 40, 43 (Tex. Crim. App. 1993) (citing *Smith v. Flack*, 728 S.W.2d 784, 788-89 (Tex. Crim. App. 1987)); *see also Armstrong v. State*, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011) ("An issue does not cease to be a criminal law matter merely because elements of civil law must be addressed to resolve the issue."). We do not consider it significant that, as Dewalt emphasizes, the sex-offender-registration statute was originally codified in the Texas Revised Civil Statutes. *See* Act of June 15, 1991, 72d Leg., R.S., ch. 572, 1991 Tex. Gen. Laws 2029-32 (codified at Tex. Rev. Civ. Stat. Ann. art. 6252-13c.1). The Legislature moved the statute into the Code of Criminal Procedure in 1997, and it has been there ever since. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2253. Moreover, the provisions relating to motions for early termination were not added to the statute until 2005. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3417-18. Thus, motions for early termination of "sex offender" registration have never been governed by any statute other than the Code of Criminal Procedure.

[27] *See* Tex. Code Crim. Proc. art. 62.404(a).

[28] 93 S.W.3d 60 (Tex. Crim. App. 2002).

Texas Constitutions."[29] The Court of Criminal Appeals concluded that it did not, reasoning that the statute could be applied to people who had committed eligible offenses prior to the enactment of the statute because the law was "civil and remedial in nature" and "not so punitive as to transform the statute into a criminal sanction."[30] *Rodriguez* does not impact our analysis. Although "sex offender" registration requirements may not be a "criminal sanction" that implicates the Ex Post Facto Clause, it is nevertheless "a result of and incident to a criminal prosecution" and gives rise to a dispute regarding construction and application of the Code of Criminal Procedure—the sine qua non of a proceeding governed by the requirements and limitations applicable to criminal appeals rather than civil ones. We are similarly unpersuaded by Dewalt's emphasis on the fact that the "sex offender" early termination is administered by the Council, an agency administratively attached to the Department of State Health Services,[31] rather than a more conventional "law enforcement" agency. Even if these features of the regulatory scheme were otherwise relevant, Dewalt is not challenging any decision or procedure of the Council—only the district court's decision denying her motion for early termination, a decision made by the same court that had convicted her of the criminal offense giving rise to her registration obligation, and one governed by provisions of the Code of Criminal Procedure.

In the absence of any statute conferring her the right to appeal the district court's denial of her motion for early termination, we must conclude that we lack subject-matter jurisdiction

---

[29] *Id*. at 65.

[30] *Id*. at 68-69, 79.

[31] *See* Tex. Occ. Code § 110.051.

9

over Dewalt's appeal purporting to challenge that ruling.[32]  We further note that at least two of our

sister courts have reached the same conclusion regarding attempted appeals from similar trial court

rulings pursuant to Chapter 62[33] and that Chapter 62, in this respect, is similar to other criminal

statutes in which the Legislature has seen fit to insulate from appellate review certain discretionary

trial court decisions bearing on punishment.[34]

---

[32]  *See Abbott*, 271 S.W.3d at 696-97; *Staley*, 233 S.W.3d at 338. Moreover, Dewalt's attempted appeal regarding her motion for early termination may have an even more basic jurisdictional defect.  After both parties had filed their appellate briefs and this Court had set the case for oral argument, it was discovered that Dewalt had not obtained a signed, written order from the trial court denying her motion—only an oral ruling from the bench.  A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction.  *See* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); *see also Broussard v. State*, No. 01-10-00458-CR, 2010 Tex. App. LEXIS 8360, at *3-5 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op., not designated for publication) (collecting cases holding that docket-sheet entries and oral rulings from bench do not qualify as appealable orders).  However, such a defect is curable—in a case in which there has been an oral trial court ruling but no written order has been entered, we would ordinarily treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order.  *See* Tex. R. App. P. 27.1(b); *Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *State v. Rollins*, 4 S.W.3d 453, 454 & n.1 (Tex. App.—Austin 1999, no pet.).  However, considering that we would lack jurisdiction even if the record had included a written order, and that the parties have already completed full briefing and now oral argument, it would be an unwarranted waste of judicial resources to now abate and remand the case to compel the trial court to sign a written order memorializing its ruling.  Accordingly, under these unique circumstances, we decline to abate the appeal and have instead proceeded with our disposition of it.

[33]  *See Ex parte McGregor*, 145 S.W.3d 824, 826 (Tex. App.—Dallas 2004, no pet.) (dismissing for want of jurisdiction appeal from order denying appellant's motion to be exempt from sex-offender-registration requirements); *see also Carden v. State*, No. 04-10-00119-CR, 2011 Tex. App. LEXIS 1512, at *8-12 (Tex. App.—San Antonio Mar. 2, 2011, pet. ref'd) (mem. op., not designated for publication) (same).

[34]  For example, as the State observed during argument, there is no right to appeal an order placing or refusing to place a person on "shock probation."  *See* Tex. Code Crim. Proc. art. 42.12,

10

In a final alternative attempt to invoke our jurisdiction, Dewalt urges us to treat her attempted appeal as a petition for writ of mandamus. Even if we could exercise jurisdiction on this basis, we would conclude that Dewalt has not shown herself entitled to relief. In criminal cases, the test for determining whether mandamus relief is appropriate requires the relator to establish both: (1) that she has no adequate remedy at law to redress her alleged harm; and (2) that what she seeks to compel is a ministerial act, not involving a discretionary or judicial decision.[35] The latter requirement is satisfied if the relator can show she has "a clear right to the relief sought."[36] In other words, the relator is entitled to relief "'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."[37]

---

§ 6; *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd). Similarly, there is no right to appeal an order granting or denying "judicial clemency," which is the procedure whereby a trial court releases a person of all legal disabilities upon successful completion of probation. *See* Tex. Code Crim. Proc. art. 42.12, § 20(a); *Cuellar v. State*, 70 S.W.3d 815, 818-19 (Tex. Crim. App. 2002) (referring to judicial clemency as "not a right" but rather "a matter . . . within the trial court's sole discretion").

[35] *State v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

[36] *Id*.

[37] *Id*. (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 947-48 n.2 (Tex. Crim. App. 1992)). The Court of Criminal Appeals has further elaborated:

While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to "rule a certain way on that motion." By this we mean that mandamus will not lie to "compel the trial court 'to rule a certain way' on an uncertain and unsettled issue the resolution of which involved a fair amount of discretion." In short, it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator has a "clear right to the relief sought," i.e., the law

11

Dewalt has failed to meet this standard for at least two reasons. First, the record conclusively establishes one of the two circumstances, previously summarized, in which trial courts have *no* discretion to grant a motion for early termination: Dewalt failed to submit with her motion—and could not submit—all of the accompanying "documents required under Article 62.404(b)," namely, a "written explanation of how the reportable conviction or adjudication giving rise to the movant's registration under this chapter qualifies as a reportable conviction or adjudication that appears on the list published under Article 62.402(b)."[38] This is so because Dewalt's offense giving rise to her registration obligation, aggravated kidnapping, is not among those that the Council has included on the list it publishes under Article 62.402(b).[39] While Dewalt presented proof to the effect that her offense met Article 62.402's substantive requirements for offenses that the Council includes on the list, it remains that her offense has not actually "appear[ed] *on the list* published under Article 62.402(b)," and inclusion of the offense on the list, not merely eligibility to be included, is what the Legislature has required before a movant can obtain early termination.[40]

---

he invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case.

*Id*.

[38] Tex. Code Crim. Proc. art. 62.405(b)(1); *see id*. art. 62.404(b)(1).

[39] *See* December 14, 2010 Update on Deregistration of Certain Sex Offenders, available at http://www.dshs.state.tx.us/csot/csot_sodregis.shtm.

[40] *See May v. State*, 919 S.W.2d 422, 423 (Tex. Crim. App. 1996) ("It is presumed that in enacting a statute, all words in the statute were intended to be effective."); *Polk v. State*, 676 S.W.2d 408, 410 (Tex. Crim. App. 1984) ("Sound principles of statutory interpretation . . . require that a reviewing court presume that every word of the statute is used for a purpose" and that

Second, even assuming that the district court had any discretion in ruling on Dewalt's motion, we could not conclude that the court's "only rational decision" was to grant it. Dewalt emphasizes the non-sexual nature of her reportable "sex offense," adding that her individual risk assessment classified her as a "low risk to reoffend." While having some initial intuitive appeal, Dewalt's argument overlooks that Chapter 62 actually imposes "sex offender" registration not only on "sex offenders" as that term is commonly understood, but also those committing certain non-sexual crimes having child victims,[41] a statutory feature evidently calculated to satisfy conditions for obtaining federal funding under the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act.[42]  Consequently, Texas's "sex offender" registration regime

"language in the statute is used with a meaning and purpose."); *Uribe v. State*, 7 S.W.3d 294, 296 (Tex. App.—Austin 1999, pet. ref'd) ("We presume that the legislature used every word and phrase in a statute for a purpose" and that "if the legislature did not use words in a statute, it excluded those words for a reason.").

[41]  *See* Tex. Code Crim. Proc. art. 62.001(5)(E) (including offenses of unlawful restraint, kidnapping, and aggravated kidnapping as reportable convictions or adjudications, even absent sexual intent, provided that judgment, order, or papers in case contain affirmative finding that victim or intended victim was younger than 17 years of age); *see also* Senate Research Center, 76th Legislature Sex Offender Laws:  Summary of Changes (Oct. 15, 1999).

[42]  *See* Pub. L. No. 103-322, Title XVII, Subtitle A, § 170101, 108 Stat. 2038 (1994) (codified at 42 U.S.C. § 14071) (hereinafter Wetterling Act), *repealed by* Pub. L. No. 109-248, § 129(a), 120 Stat. 587, 600 (2006).  Jacob Wetterling was an eleven-year-old child abducted in October 1989 and who was never found.  *See* James A. Billings and Crystal L. Bulges, Maine's Sex Offender Registration and Notification Act, Wise or Wicked, 52 Me. L. Rev. 175, 183 (2000).  "The intention of Congress in passing the Wetterling Act was to prod all states to enact similar sex offender registration and community notification laws and to provide for a national registration system to handle offenders who move from one State to another." *Creekmore v. Attorney Gen. of Tx.*, 116 F. Supp. 2d 767, 771 (E.D. Tex. 2000) (citing 139 Cong. Rec. H10320-21 (daily ed. Nov. 20, 1993) (statement of Rep. Ramstad)).  "Failure to implement a federally-approved program . . . would result in loss of ten percent of funds that would otherwise be allocated to the state under section 506 of the Omnibus Crime Control and Safe Streets Act of 1968." *Id*. at 772.  The Wetterling Act applied not only to sex offenses but to any "criminal offense against a

reflects the Legislature's public policy judgment that the nature of certain crimes, including but not limited to those ordinarily considered "sex crimes," warrant the imposition of reporting requirements that enable the victims, other affected persons, and the larger public to ascertain the offender's whereabouts once the offender returns to the free world.[43]

Subsection I of Chapter 62 gives the trial court discretion to decide, in essence, whether it should make an exception to these reporting requirements based on a particular offender's unique circumstances. Among the evidence before the district court here was the reporter's record from Dewalt's criminal trial (which also included evidence regarding the prior child-custody battle

---

victim who is a minor," including the offense of kidnapping. *See* Wetterling Act § 170101(3)(A)(i). However, it expressly excluded parental kidnapping. *Id.* The anecdotal legislative history of the Texas sex-offender statute indicates that proponents of adding kidnapping of a minor to the list of reportable offenses were seeking to make Texas law compliant with the Wetterling Act. *See* Senate Research Center, Bill Analysis of Enrolled Legislation, Texas S.B. 399, 76th Leg., R.S. (1999) ("By adding kidnapping of a minor to the list of reportable offenses . . . S.B. 399 brings Texas law in compliance with federal law."); *see also* Senate Research Center, Highlights of the 76th Texas Legislature, Regular Session, p. 51 (July 1999) (explaining that S.B. 399 "is designed to bring Texas into compliance with the Jacob Wetterling Crimes Against Children and the Sexually Violent Offender Registration Act of 1994.").

[43] Public notification of an offender's whereabouts is accomplished in several different ways. First, the Texas Department of Public Safety (DPS) maintains a statewide "sex offender" registration database available to the public that contains all information provided to Texas local law enforcement authorities by "sex offenders" required to register. Additionally, every local law enforcement authority in Texas maintains a "sex offender" registry that contains information on all "sex offenders" registered with the authority, and some local law enforcement authorities have established local websites the public can access to search for "sex offenders" living in their community. State law also permits local law enforcement authorities to publish information concerning some "sex offenders" in a newspaper, circular, or other periodical that serves the community in which the "sex offender" resides. Finally, if a high risk "sex offender" or a civilly committed sexually violent predator moves into a community, DPS will notify the community by mailing to each residence and business in the community a postcard containing information about the offender or predator.

14

with her ex-husband, the father of the child she later kidnapped) and this Court's opinion affirming her conviction. Without belaboring the contents of this record, suffice it to say that in the face of it, we cannot conclude that the district court exceeded its discretion under Subchapter I in determining that Dewalt's whereabouts should continue to be made known to her son, her ex-husband, and the public. Accordingly, even if we could entertain Dewalt's challenge to the district court's ruling on early termination by treating it as an original proceeding, we could not conclude that Dewalt has established an entitlement to relief.

## JUDGMENT NUNC PRO TUNC

As previously indicated, the circumstances of Dewalt's offense of conviction triggered a requirement that the district court include an affirmative finding in the judgment that the victim (Dewalt's son) was younger than 17 years of age at the time of the offense.[44] The parties agree that it was the judgment with this finding that gave rise to Dewalt's obligation to register as a "sex offender."[45] However, this requirement that Dewalt register as a "sex offender," in turn, triggered an additional obligation on the part of the trial court to include in the judgment "a statement that the registration requirement of [Chapter 62] applies to the defendant and a statement of the age of the victim of the offense."[46] In Dewalt's original 2006 judgment, the district court stated—contrary to the substantive components that controlled "sex offender" registration—that

---

[44] *See* Tex. Code Crim. Proc. art. 42.015.

[45] *See id*. art. 62.001(5)(E)(i).

[46] *See id*. art. 42.01, § 1(27).

15

"The Sex Offender Registration Requirements under Chapter 62, CCP, do not apply to the Defendant" and "[t]he age of the victim at the time of the offense was not applicable."

The State filed a motion for entry of a nunc pro tunc judgment that would correct the discrepancy. Dewalt filed a response in opposition. The district court granted the State's motion and later, on November 20, 2012, signed a judgment nunc pro tunc stating, correctly, that "The Sex Offender Registration Requirements under Chapter 62, CCP, do apply to the Defendant. The age of the victim at the time of the offense was 5 years old." Thereafter, Dewalt, who had previously filed a notice of appeal challenging only the district court's denial of her motion for early termination, purported to "amend" her notice to add a challenge to the judgment nunc pro tunc. Although acknowledging that the judgment nunc pro tunc has no direct impact on her obligation to report as a "sex offender"—in essence, these are two separate appeals within the same cause—Dewalt complains that the district court made changes to the judgment that were not merely "clerical" in nature.

We are compelled to dismiss Dewalt's appeal of the judgment nunc pro tunc for want of subject-matter jurisdiction. A timely notice of appeal is necessary to invoke appellate jurisdiction.[47] In criminal cases, the notice of appeal must be filed within 30 days after the day the trial court signs an appealable order[48] (which include judgments nunc pro tunc[49]), subject to a

---

[47] *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (citing *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988)).

[48] Tex. R. App. P. 26.2(a)(1).

[49] *Blanton*, 369 S.W.3d at 903-04.

single 15-day extension.[50] The district court signed the judgment nunc pro tunc on November 20, 2012. Consequently, Dewalt had until January 4, 2013, at the latest, to perfect an appeal from that order.[51] She failed to do so, filing her "amended" notice of appeal on January 30, 2013, almost four weeks thereafter.

In a sworn statement accompanying her "amended" notice of appeal, Dewalt asserts that the reason for her delay was that she had failed to receive a copy of the judgment nunc pro tunc, and had remained unaware of it, until January 7, 2013, after the appellate deadline had passed.

---

[50] *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also* Tex. R. App. P. 26.3(a), (b).

[51] (30 days after November 20, 2012, plus the 15-day extension period). Dewalt's prior notice of appeal challenging the denial of early termination did not perfect appeal as to the subsequent and separate judgment nunc pro tunc, nor did the "amended" notice relate back to the earlier one. An amended notice of appeal may be filed to correct "defects or omissions" in an earlier filed notice of appeal. Tex. R. App. P. 25.2(f); *see Few v. State*, 230 S.W.3d 184, 189 (Tex. Crim. App. 2007). "Defects or omissions" refer to clerical errors in the earlier filed notice of appeal, such as incorrect or mistakenly omitted cause numbers. *See Few*, 230 S.W.3d at 188-89. Here, there was no clerical error in the earlier filed notice of appeal that the amended notice of appeal sought to correct. Rather, the amended notice of appeal was an attempt by Dewalt to appeal a separate order, when the deadline for appealing that order had passed. But once the deadline for filing a notice of appeal has passed, jurisdiction is lost, and Rule 25.2(f) cannot be used to retroactively obtain jurisdiction where none exists. *See State v. Riewe*, 13 S.W.3d 408, 412-13 (Tex. Crim. App. 2000) (examining predecessor to Rule 25.2(f) and holding that "once jurisdiction is lost, the court of appeals lacks the power to invoke any rule to thereafter obtain jurisdiction"); *Pickens v. State*, 105 S.W.3d 746, 749 (Tex. App.—Austin 2003, no pet.) ("Late filing is not a defect or omission in the notice of appeal that can be cured by amending the notice pursuant to rule 25.2(f)."). *Cf. Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, 492 (Tex. App.—Austin 2007, no pet.) (observing that civil equivalent to rule 25.2(f) "does not permit an amendment to add an entirely different order from which the appeal is taken"). Accordingly, "amending" the earlier filed notice of appeal to encompass the judgment nunc pro tunc, an order that had not been timely appealed, failed to invoke this Court's jurisdiction over that judgment.

Although this sort of circumstance might excuse an untimely notice of appeal in a civil case,[52] "[n]o comparable rule exists for criminal cases,"[53] and Texas courts have routinely held, as we must do here, that being unaware of an appealable order or judgment does not excuse an untimely notice of appeal.[54]

In the absence of a timely notice of appeal from the judgment nunc pro tunc, our sole option is to dismiss Dewalt's attempted appeal of that order for want of jurisdiction.[55] But in any event, we could not conclude on this record that the district court erred in signing the judgment nunc pro tunc.

"The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the

---

[52] *See, e.g.*, *Haase v. Abraham*, 404 S.W.3d 75, 80-82 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also* Tex. R. Civ. P. 306a(5). "In civil cases, additional time for filing notice of appeal may be obtained if a party affected by a judgment or other appealable order does not receive notice or have actual knowledge of signing." *State v. Rollins*, 4 S.W.3d 453, 455 (Tex. App.—Austin 1999, no pet.) (citing Tex. R. App. P. 4.2).

[53] *Id*.

[54] *See, e.g.*, *Carrillo v. State*, No. 01-11-00495-CR, 2011 Tex. App. LEXIS 7795, at *1-3 (Tex. App.—Houston [1st Dist.] Sept. 29, 2011, no pet.) (mem. op., not designated for publication); *Pope v. State*, No. 05-10-01455-CR, 2011 Tex. App. LEXIS 1983, at *1-4 (Tex. App.—Dallas Mar. 8, 2011, no pet.) (mem. op., not designated for publication); *Ex parte McCulloch*, No. 09-10-00206-CR, 2010 Tex. App. LEXIS 4717 (Tex. App.—Beaumont June 23, 2010, pet. ref'd) (mem. op., not designated for publication); *Donalson v. State*, No. 14-08-00496-CR, 2008 Tex. App. LEXIS 4896, at *2-3 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (mem. op., not designated for publication); *Ex parte Shounmacher*, No. 04-99-00336-CR, 1999 Tex. App. LEXIS 4850, at *1-2 (Tex. App.—San Antonio June 30, 1999) (per curiam).

[55] *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

18

proper time."[56]  "In other words, use of a judgment nunc pro tunc permits the court to correct now what the record reflects had already occurred at a time in the past."[57]  "A nunc pro tunc order may correct clerical errors in a judgment, but not judicial omissions."[58]  "A clerical error is one which does not result from judicial reasoning or determination."[59]

When the law requires the trial court to enter a particular finding in the written judgment of conviction, the trial court "retain[s] no discretion to do otherwise," and "the failure of the trial judge to do so [is] not an error of judicial reasoning but rather an error of a clerical nature."[60] That is what occurred here—despite the substantive requirements for "sex offender" registration being met, the district court nonetheless failed to comply with the requirement that it include "a statement that the registration requirement of [Chapter 62] applies to the defendant and a statement of the age of the victim of the offense;"[61] instead, the court stated precisely the opposite.  This is the sort of "clerical" error that can properly be corrected by nunc pro tunc.[62]

---

[56]  *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988).

[57]  *Smith v. State*, 15 S.W.3d 294, 298 (Tex. App.—Dallas 2000, no pet.).

[58]  *Poe*, 751 S.W.2d at 876.

[59]  *Id.*

[60]  *Id.*

[61]  *See* Tex. Code Crim. Proc. art. 42.01, § 1(27).

[62]  *See Poe*, 751 S.W.2d at 876.

19

## CONCLUSION

We dismiss Dewalt's appeal (or appeals) for want of subject-matter jurisdiction.  In the alternative, we would deny relief on the merits of her contentions.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed:   November 7, 2013

Publish