

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00704-CR

Daryl Allan **HATFIELD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8888
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Retired Chief Justice, not participating
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  January 28, 2015

DISMISSED FOR WANT OF JURISDICTION

On December 8, 2014, Appellant Hatfield filed a letter which this court construes as a motion for rehearing.  We deny the motion for rehearing; however, we withdraw our opinion and judgment of November 26, 2014, and substitute this opinion in its stead.

A judgment nunc pro tunc is an appealable order.  *Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012).  To perfect an appeal, however, the notice of appeal must be filed within thirty days of the date that the trial court signs the judgment nunc pro tunc.  *Dewalt v. State*, 417 S.W.3d 678, 689 (Tex. App.—Austin 2013), pet. ref'd, 426 S.W.3d 100 (Tex. Crim. App. 2014).

"If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

On October 27, 2014, we ordered Appellant Hatfield to show cause in writing no later than November 17, 2014, explaining why this appeal should not be dismissed for want of jurisdiction. *See Blanton*, 369 S.W.3d at 903. Hatfield contends that his notice of appeal is timely because he is not appealing the nunc pro tunc order issued on February 21, 2014, but is instead appealing a September 19, 2014 order.

On January 11, 2014, Hatfield entered a plea of nolo contendere to the charge of burglary of a habitation and the trial court sentenced Hatfield to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $1,500.00. On February 21, 2014, the trial court entered a nunc pro tunc establishing the January 11, 2014 judgment should have read "TIME CREDITED: From: 6/28/2012 To: 1/11/2013."

In a motion dated August 31, 2014, and file stamped September 23, 2014, Hatfield contends the trial court's February 21, 2014 Nunc Pro Tunc order did not provide Hatfield the amount of time he deserved to be credited. In correspondence to this court, Hatfield further explained his second "motion" was "asking [the court] to correct the problem that they created by making the wrong ruling they had previously made." The record does not contain a second order signed by the trial court.

Although Hatfield contends his second request was a new motion nunc pro tunc, his complaint is that the trial court's February 21, 2014 order was "wrong" and he should have been given *additional* credit for jail time served, specifically "197 days of flat time credit." Hatfield acknowledges that he did not appeal the February 21, 2014 order; instead, he elected to pursue his concerns through the Department of Criminal Justice's administrative process.

Because the second request filed on September 23, 2014, effectively seeks a correction in the time the trial court credited in the February 21, 2014 nunc pro tunc order, Hatfield's notice of appeal was due to be filed no later than March 24, 2014. *See Dewalt*, 417 S.W.3d at 689. As such, this court has no option but to dismiss the appeal for lack of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

PER CURIAM

DO NOT PUBLISH