

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00296-CR
_____

FRANK D. CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 89-409,752, Honorable Bradley S. Underwood, Presiding

April 10, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Frank D. Carter, appeals the trial court's order dismissing for want of jurisdiction his motion to set aside the judgment entered against him in trial court cause number 89-409,752 in June 1990. We will dismiss the appeal for want of jurisdiction.

Factual and Procedural History

On June 12, 1990, appellant was convicted of aggravated robbery and sentenced to life imprisonment in trial court cause number 89-409,752.[1] Appellant filed his motion to set aside that judgment as void on July 7, 2014, alleging, it seems, that dismissal of an earlier indictment on the charges in trial court cause number 89-409,601 was a relinquishment of jurisdiction over the parties and the matter generally and warranted dismissal of the re-indicted case, trial court cause number 89-409,752, as well. The trial court dismissed that motion for want of jurisdiction by order signed July 14, 2014. Appellant has appealed the denial to this Court, maintaining that the trial court did have jurisdiction and was required to set aside the 1990 conviction because it was void. He asks this Court to conclude that the trial court did have jurisdiction to entertain his motion and permit him to proceed below.

Applicable Law

"The standard for determining [our] jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (citing, *inter alia*, TEX. CONST. art. V, § 6(a), TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2007), and TEX. R. APP. P. 25.2(a)(2)).

Article 44.02 of the Texas Code of Criminal Procedure provides a defendant "in any criminal action" with the right of appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02. As a practical matter, a defendant's general right to appeal under Article 44.02 "'has always

---

[1] This Court affirmed appellant's 1990 conviction on direct appeal. *See Carter v. State*, No. 07-90-00252-CR (Tex. App.—Amarillo May 1, 1992, pet. ref'd).

been limited to appeal' from a 'final judgment.'"  *See Abbott*, 271 S.W.3d at 697 n.8 (citing *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990) (en banc)).  A "final judgment" refers to a final judgment of conviction: "A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant."  *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2014); *Dewalt v. State*, 417 S.W.3d 678, 683–84 (Tex. App.—Austin 2013, pet. ref'd).  This Court may also have jurisdiction over this appeal if the trial court's order denying appellant's motion to set aside the judgment constitutes an appealable order, that is, an appeal that the Legislature has specifically authorized by statute.  *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Abbott*, 271 S.W.3d at 697; *see also* TEX. R. APP. P. 25.2(a)(2) (providing that a criminal defendant has the right to appeal a judgment of guilt or other appealable order).  In the absence of a final judgment or "other appealable order," this Court lacks jurisdiction to address the merits of appellant's claims.  *See Gutierrez*, 307 S.W.3d at 323; *Abbott*, 271 S.W.3d at 697.

## Analysis

It is clear that the order from which appellant attempts to appeal is not a final judgment of conviction.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.01; *Dewalt*, 417 S.W.3d at 683–84.  And appellant has not cited us to any statutory authority that would authorize the appeal of a denial of a motion to set aside a judgment of conviction, such as the one at issue in the instant case.  Further, we have found no such authority supporting our jurisdiction to entertain an appeal from this post-conviction motion to set

aside the 1990 conviction.[2]   Having found no such authority, we lack jurisdiction over this appeal.  *See Gutierrez*, 307 S.W.3d at 323; *Abbott*, 271 S.W.3d at 697.

Conclusion

Having found that we lack jurisdiction over the instant appeal, we dismiss it for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).


Mackey K. Hancock
Justice


Do not publish.

---

[2] To the contrary, Article 11.07 of the Texas Code of Criminal Procedure vests exclusive jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2014).