# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00561-CR

**Gary Richard Stier, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 924772, HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Gary Richard Stier has filed a notice of appeal from the district court's order denying his motion for early termination of his sex-offender registration requirements.[1] In his appellant's brief, Stier has also challenged a separate order denying his application for post-conviction writ of habeas corpus. The State has filed a motion to dismiss this appeal, arguing that Stier's purported appeal of the order denying habeas relief is untimely and that the order denying Stier's motion for early termination is not an appealable order.

In a criminal case, the notice of appeal must be filed within 30 days after the day the trial court enters an appealable order.[2] The order denying habeas relief was signed on May 7, 2015. Stier's notice of appeal, to the extent it could be construed to encompass that order, was not filed

---

[1] *See generally* Tex. Code Crim. Proc. arts. 62.001-.408.

[2] *See* Tex. R. App. P. 26.2(a)(1).

until August 28, 2015, well beyond the 30-day deadline. Absent a timely filed notice of appeal, this Court lacks jurisdiction to dispose of Stier's appeal in any manner other than by dismissing it for want of jurisdiction.[3]

Stier's appeal from the district court's order denying his motion for early termination suffers from a separate jurisdictional defect. This Court has held that there is no statute authorizing an appeal from such an order.[4] Consequently, we lack subject-matter jurisdiction over Stier's purported appeal of the district court's order.[5]

We grant the State's motion to dismiss and dismiss the appeal for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Dismissed for Want of Jurisdiction

Filed: June 3, 2016

Do Not Publish

_____

[3] *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996).

[4] *See Dewalt v. State*, 417 S.W.3d 678, 685 (Tex. App.—Austin 2013, pet. ref'd); *see also Abbott v. State*, 271 S.W.3d 694, 696-07 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law).

[5] *See id*.

2