# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00099-CR

**Justin Edward Panus, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 16-2610-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Justin Edward Panus, acting pro se, has appealed the district court's denial of his motion for postconviction forensic DNA testing. *See* Tex. Code Crim. Proc. arts. 64.01-.05. However, our review of the record reflects that the ruling on Panus's motion is not signed and consists only of a handwritten notation at the bottom of the motion stating "denied."[1] A written and signed appealable order is a prerequisite to invoking our appellate jurisdiction. *See* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd).

---

[1] The clerk's record case summary has a "Judge's Docket Entry" dated "01/17/2020" stating "*Review of Motion for DNA Testing: Motion Denied (RK)*." But that entry does not substitute for a signed order on the motion. *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd) (noting that docket-sheet entries do not qualify as appealable orders).

Accordingly, this appeal is abated and the cause is remanded to the district court for entry of a signed order as to Panus's motion for forensic DNA testing. *See Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (noting that court had previously abated appeal because record did not contain written order reflecting court's ruling); *see also Sturgis v. State*, No. 05-08-00006-CR, 2010 Tex. App. LEXIS 2045, at *4-5 (Tex. App.—Dallas Mar. 24, 2010, pet. ref'd) (mem. op.) (noting that court had previously abated appeal because at time of appeal, trial court had not signed written order denying defendant's motion for DNA testing). A supplemental clerk's record containing the signed order is to be prepared and forwarded to this Court no later than April 30, 2020.

It is so ordered March 31, 2020.


Before Chief Justice Rose, Justices Baker and Triana

Abated and Remanded

Filed:  March 31, 2020

Do Not Publish