COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Ex Parte Michael Lowry

Appellate case number:    01-20-00859-CR

Trial court case number:  1685846

Trial court:              230th District Court of Harris County

This is an appeal from the denial of an application for writ of habeas corpus. *See* TEX. R. APP. P. 31. The clerk's record contains a written order, attached to the application for writ of habeas corpus, which includes language that the application was granted and additional language, stating "orally denied on the record on November 20th, 2020." The hearing reflects that the trial court orally denied Lowry's application.

A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012) (noting that "our precedent requires that an order be in writing"); TEX. R. APP. P. 25.2. The record before us contains an order, but the order merely references the trial court's oral pronouncement. *See Broussard v. State*, No. 01-10-00458-CR, 2010 WL 4056861, at *1 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (stating that "an oral ruling does not constitute 'ent[ry of] an appealable order' for the purposes of perfecting appeal"). "However, such a defect is curable—in a case in which there has been an oral trial court ruling but no written order has been entered, we . . . treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order." *See Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd) (citing TEX. R. APP. P. 27.1(b)).

Accordingly, we **abate** this appeal, and **remand** the cause to the trial court for entry of a signed, written order on Lowry's habeas application and a certification of Lowry's right of appeal. *See* TEX. R. APP. P. 25.2(a)(2) (requiring trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order"), (d) (requiring record to include certification), 44.4(b). Once entered, the signed order and the appropriate trial court certification of Lowry's right to appeal shall be included in a supplemental clerk's record and filed with this Court no later than November 1, 2021. *See* TEX. R. APP. P. 34.5(c).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Sherry Radack
                        ☒ Acting individually     ☐ Acting for the Court


Date:    October 7, 2021