# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00335-CR

**Stephaney Veljean Lafears, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY, NO. 23-01350-3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephaney Veljean Lafears filed a notice of appeal challenging the trial court's purported interlocutory denials[1] of her Amended Motion to Quash Information, Motion to Dismiss, and Application for Writ of Habeas Corpus. On July 17, 2024, a supplemental clerk's record was filed containing plea-bargain documents, an order placing Lafears on deferred-adjudication community supervision for nine months for assault causing bodily injury, and the trial court's certification that Lafears had no right of appeal and had waived the right of appeal in this case.

We agree that the trial court's certification is supported by the record. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (requiring court of appeals to determine whether certification is defective when compared to record). As part of her plea bargain, in

---

[1] Although the record before us includes the docket entry, "*State's motion for leave to amend information granted. Motion to quash/dismiss denied*," the record contains no signed written orders from the trial court. *See Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd) ("A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction.").

which the State agreed to drop a family-violence finding and recommend a period of nine months of deferred adjudication, Lafears waived her right "to file a motion for new trial or appeal [her] case to a court of appeals." *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (explaining that although "Rule 25.2(a)(2)(A) does, in fact, grant defendants who plead guilty as part of a plea bargain the right to appeal pretrial motions, . . . a defendant may waive this right, as long as the waiver is made 'voluntarily, knowingly, and intelligently.'"). The trial court approved the waivers and certified that: (1) this is a plea-bargain case, for which Lafears had no right of appeal, *see* Tex. R. App. P. 25.2(a)(2); (2) she waived the right of appeal; and (3) she also "waive[d] appeal in COA 03-24-00394-CV," a case in this Court in which Lafears filed an original habeas application raising the same substantive issue as in her interlocutory filings. *See Ex parte Lafears*, No. 03-24-00394-CV, 2024 WL 3088680, at *2 (Tex. App.—Austin June 21, 2024, orig. proceeding).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d).

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Smith, and Theofanis

Dismissed for Want of Jurisdiction

Filed: August 23, 2024

Do Not Publish