# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00604-CR

---

**Ex parte Jesse Ruiz**

---

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-23-300413, BRANDY MUELLER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Jesse Ruiz has filed a notice of appeal from the trial court's purported denial of his application for writ of habeas corpus. The record before us contains neither a signed written order on Ruiz's application nor the necessary certification of his right of appeal. *See* Tex. R. App. P. 25.2(a)(2) (requiring trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order"), (d) (requiring record to include trial court's certification). On October 11, 2024, we requested that the trial court clerk file a supplemental clerk's record containing both the order and certification. Although a supplemental clerk's record was filed on October 14, it contained neither document.

A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction." *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd); *see* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim.

App. 1991); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.); *State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.).

The lack of a signed written order is, however, curable: we treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order. *Dewalt*, 417 S.W.3d at 685 n.32 (citing Tex. R. App. P. 27.1(b); *State v. Rollins*, 4 S.W.3d 453, 454 & n.1 (Tex. App.—Austin 1999, no pet.)).

Accordingly, we abate this appeal and remand the cause to the trial court for entry of a signed written order on appellant's application for writ of habeas corpus as well as entry of a certification of his right of appeal. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal). A supplemental clerk's record containing the signed order and certification shall be prepared and filed with this Court no later than October 30, 2024. *See* Tex. R. App. P. 34.5(c)(2).

Before Justices Baker, Smith, and Theofanis

Abated and Remanded

Filed: October 18, 2024

Do Not Publish

2