# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00722-CR

### Ex parte Daniel Colunga

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY**
**NO. CR2023-504B, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Daniel Colunga, who is charged in the court below with the offense of possession of a controlled substance, has filed a notice of appeal from the district court's denial of his pretrial application for writ of habeas corpus. The reporter's record of the hearing on Colunga's application and the district court's docket sheet both reflect that the district court denied the application. However, the clerk's record does not contain a signed written order to that effect.

"A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction." *Dewalt v. State*, 417 S.W.3d 678, 685 n.32; *see* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). In a case where there has been an oral trial court ruling but no written order has been entered, that jurisdictional defect is curable: we treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order. *Dewalt*, 417 S.W.3d at 685 n.32

(citing Tex. R. App. P. 27.1(b); *State v. Rollins*, 4 S.W.3d 453, 454 & n.1 (Tex. App.—Austin 1999, no pet.)).

Additionally, the clerk's record does not contain the required trial court certification of Colunga's right of appeal concerning the order denying habeas relief. *See* Tex. R. App. P. 25.2(a)(2) (mandating trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order"), (d) (requiring record to include trial court's certification); *see also Ex parte Ferrera*, No. 03-21-00278-CR, 2021 WL 5457241, at *1 (Tex. App.—Austin Nov. 19, 2021, no pet.) (mem. op., not designated for publication) ("An order denying a pretrial application for habeas corpus relief is an appealable order."). When the certification is missing from the record, we must direct the trial court to supplement the record with the certification of the defendant's right of appeal. *See Cortez v. State*, 420 S.W.3d 803, 807 (Tex. Crim. App. 2013).

Accordingly, we abate this appeal and remand the cause to the district court for entry of a signed written order on Colunga's application for writ of habeas corpus and a certification of his right of appeal. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal). A supplemental clerk's record containing the signed order and certification shall be prepared and filed with this Court no later than February 18, 2025. *See* Tex. R. App. P. 34.5(c)(2).

Before Justices Triana, Theofanis, and Crump

Abated and Remanded

Filed: February 7, 2025

Do Not Publish

2