# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00459-CR

---

### Ex parte Robert Joseph Yezak

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. FR82355, THE HONORABLE DEBBIE GARRETT, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Robert Joseph Yezak, who is charged in the court below with the offense of driving while intoxicated, has filed a notice of appeal from the district court's denial of his pretrial application for writ of habeas corpus. The district court's docket sheet reflects that the district court denied the application following a hearing. However, the clerk's record does not contain a signed written order to that effect, and the district clerk's office has notified this Court that no written order has been filed.

"A written and signed appealable order is a prerequisite to invoking this Court's appellate jurisdiction." *Dewalt v. State*, 417 S.W.3d 678, 685 n.32; *see* Tex. R. App. P. 26.2(a)(1); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). In a case where there has been an oral trial court ruling but no written order has been made, that jurisdictional defect is curable: we treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order. *Dewalt*, 417 S.W.3d at 685 n.32

(citing Tex. R. App. P. 27.1(b); *State v. Rollins*, 4 S.W.3d 453, 454 & n.1 (Tex. App.—Austin 1999, no pet.)).

Additionally, Yezak, who is indigent, has filed a motion to direct the clerk of this Court to provide him with a copy of the clerk's record. However, it is the trial court's responsibility to provide an indigent appellant with a copy of the record. *See* Tex. R. App. P. 20.2.

Accordingly, we abate this appeal and remand the cause to the district court for entry of a signed written order on Yezak's application for writ of habeas corpus. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal). We further direct the district clerk's office to provide Yezak with a copy of the clerk's record.[1] A supplemental clerk's record containing the signed order and written verification of the date and manner in which the clerk's record was provided shall be prepared and filed with this Court no later than September 2, 2025. *See* Tex. R. App. P. 34.5(c).

Before Justices Triana, Kelly, and Theofanis

Abated and Remanded

Filed:   August 21, 2025

Do Not Publish

---

[1] We dismiss as moot Yezak's motion to have this Court provide him with a copy of the clerk's record.