# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00482-CR

**Justin Baker Haile, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 9552, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## O P I N I O N

On April 25, 2003, pursuant to a plea bargain, appellant Justin Baker Haile pleaded guilty to the misdemeanor offense of theft of property valued at $500 or more but less than $1,500. *See* Tex. Penal Code § 31.03. In accordance with the plea agreement, the trial court sentenced appellant to serve 80 days in the county jail, with credit for time served, and to pay a fine of $2,000, court costs of $253, and restitution in the amount of $1,463.50. *See id.* § 12.21. No appeal was taken. On June 27, 2014, appellant filed a *Motion to Dismiss Court Costs and Fines Due to Indigency*, which the trial court subsequently denied after conducting a hearing. The notice of appeal appellant filed in this Court indicates that he is attempting to appeal the trial court's ruling denying this motion. We do not have jurisdiction over such an appeal.

In Texas, appeals in a criminal case are permitted only when they are specifically authorized by statute. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see*

*Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("[A] defendant's right of appeal is a statutorily created right."). The standard for determining whether an appellate court has jurisdiction to hear and determine a case "is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)); *State ex rel. Lykos*, 330 S.W.3d at 915.

In his *Motion to Dismiss Court Costs and Fines Due to Indigency*, appellant relied on article 43.091 of the Texas Code of Criminal Procedure, which permits a trial court to "waive payment of a fine or court costs imposed on a defendant who defaults in payment" if the court determines that the statutory alternative methods of discharging the fine or costs would impose undue hardship on the defendant. *See* Tex. Code Crim. Proc. art. 43.091. We note, however, that appellant did not seek a waiver of payment, but rather a dismissal of the fines and court costs altogether, which is akin to requesting a modification of the previously imposed judgment. Nevertheless, even assuming the trial court's ruling was pursuant to article 43.091, that statute does not authorize an appeal of the trial court's exercise of discretion regarding the waiver of payment.

We have found no constitutional or statutory provision granting Texas courts of appeals jurisdiction over a trial court's post-judgment ruling denying a motion to dismiss court costs and fines, as appellant filed here, or a ruling declining to waive the payment of previously imposed court costs and fines under article 43.091. Therefore, we hold that we lack jurisdiction over appellant's appeal of the trial court's ruling in this case. *See Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (defendant's appeal dismissed because it was not authorized by law); *see*

2

*also Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("It is axiomatic that a party may appeal only that which the Legislature has authorized.").

Accordingly, we dismiss the instant appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   November 14, 2014

Publish