# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00065-CR

**Guadalupe Padilla, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-DC-95-952802, HONORABLE DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Guadalupe Padilla, an inmate proceeding pro se, has filed a notice of appeal from what he characterizes as the "denial by operation of law" of his motion to compel discovery. The State has filed a motion to dismiss, arguing that this Court lacks jurisdiction over the appeal. For the reasons that follow, we will dismiss the appeal.

Padilla was convicted in 2002 of the offenses of aggravated sexual assault of a child and indecency with a child by contact and was sentenced to 37 and 15 years' imprisonment, respectively, for each offense. This Court affirmed his convictions on appeal.[1] In 2004, Padilla began filing requests for appointment of counsel to assist him in seeking post-conviction DNA testing.[2] After his second request for counsel was denied, this Court reversed the district court's

---

[1]  *See Padilla v. State*, No. 03-02-00345-CR, 2003 Tex. App. LEXIS 5088 (Tex. App.—Austin June 19, 2003, pet. ref'd) (mem. op., not designated for publication).

[2]  *See* Tex. Code Crim. Proc. art. 64.01–.05.

order and held that Padilla was entitled to the appointment of counsel.[3] The district court subsequently granted Padilla's motion for DNA testing.[4] After the testing was completed in 2011, the district court concluded in its final order that "the results of the post-conviction DNA testing were not exculpatory and that it was not reasonably probable that Padilla would not have been convicted had those results been available during his trial."[5] Padilla subsequently filed six additional pro se motions for DNA testing, which the district court denied.[6] This Court affirmed the district court's order.[7]

Padilla continued to file additional pro se motions for DNA testing and other pleadings in subsequent years.[8] Then, in November 2017, Padilla filed a "motion to compel discovery of forensic evidence / reports and request for a hearing" under the 2013 amendments to

---

[3] *See In re Padilla*, No. 03-07-00712-CR, 2008 Tex. App. LEXIS 4540, at *3 (Tex. App.—Austin June 18, 2008, no pet.) (mem. op., not designated for publication).

[4] *See Ex parte Padilla*, No. 03-10-00667-CR, 2010 Tex. App. LEXIS 9774, at *1–2 (Tex. App.—Austin Dec. 10, 2010, pet. ref'd) (mem. op., not designated for publication).

[5] *Padilla v. State*, Nos. 03-12-00299-CR, 03-12-00300-CR, 03-12-00301-CR, 2013 Tex. App. LEXIS 7481, at *6 (Tex. App.—Austin June 20, 2013, pet. ref'd) (mem. op., not designated for publication).

[6] *See id*. at *6–7.

[7] *See id*. at *31.

[8] In addition to filing numerous applications for writs of habeas corpus in state court, all of which have been either denied or dismissed without written order by the Court of Criminal Appeals, *see* Tex. Code Crim. Proc. art. 11.07, § 4, 5, Padilla has also filed pleadings in federal court. *See Padilla v. Moore*, No. A-18-CA-099-RP, 2018 U.S. Dist. LEXIS 47106 (W.D. Tex. Mar. 22, 2018) (magistrate's report and recommendation of dismissal of Padilla's complaint under 42 U.S.C. § 1983); *Padilla v. Davis*, No. A-16-CA-975-SS, 2016 U.S. Dist. LEXIS 176265 (W.D. Tex. Dec. 20, 2016) (order denying Padilla's application for writ of habeas corpus).

2

article 39.14 of the Code of Criminal Procedure, also known as the Michael Morton Act.[9] In his motion, Padilla explained that he sought production of "forensic reports taken in relation to the collection of forensic biological evidence during [the] sexual assault exam of [the] victim in this case," which Padilla claimed "would be highly probative in answering questions raised by post-conviction DNA testing." In January 2018, Padilla filed a notice of appeal, asserting that his motion had been "denied by operation of law" 75 days after it had been filed.[10]

In its motion to dismiss, the State argues that we lack appellate jurisdiction here because there is no appealable order. We agree. "[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute."[11] Thus, "[t]he standard for determining whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized

---

[9] *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 1, § 2, 2013 Tex. Gen. Laws 106, 106–08 (amended 2015) (current version at Tex. Code Crim. Proc. art. 39.14). Specifically, Padilla cited to subsections (h) and (k) of the Act. *See* Tex. Code Crim. Proc. 39.14(h) ("[T]he state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged."), (k) ("If at any time before, during, or after trial the state discovers any additional document, item, or information required to be disclosed under Subsection (h), the state shall promptly disclose the existence of the document, item, or information to the defendant or the court.").

[10] *Cf.* Tex. R. App. P. 21.8(a), (c) (motions for new trial in criminal cases overruled by operation of law 75 days after filing).

[11] *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *Haile v. State*, 451 S.W.3d 856, 857 (Tex. App.—Austin 2014, no pet.); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to the courts of appeals in a statute.").

3

by law.'"[12]  In criminal cases, Texas law authorizes appeals from judgments of conviction and "appealable orders."[13]  Moreover, an appealable order must be written and signed to invoke this Court's jurisdiction; oral rulings are insufficient.[14]

Here, there is no indication in the record that the district court has acted on Padilla's motion in any manner, much less signed an order denying it.  Additionally, even if the district court had denied Padilla's motion, there is no statutory provision authorizing an appeal from the denial of a motion to compel discovery filed under article 39.14.[15]  Accordingly, we have no appellate jurisdiction here.[16]

In the alternative, to the extent that Padilla's notice of appeal could be construed as a petition for writ of mandamus, asking this Court to compel the district court to rule on Padilla's motion, we would deny relief.  "When a motion is properly filed and pending before a trial court,

---

[12]  *Haile*, 451 S.W.3d at 857–58 (quoting *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012)).

[13]  *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2).

[14]  *See* Tex. R. App. P. 26.2(a)(1); *State v. Sanavongxay*, 407 S.W.3d 252, 258–59 & n.9 (Tex. Crim. App. 2012); *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd).  However, as this Court has previously explained, when there is an oral ruling but no corresponding written order, "the defect is curable," i.e., "we would ordinarily treat the notice of appeal as prematurely filed, abate the appeal, and remand the case to the trial court for preparation of an appealable order."  *Dewalt*, 417 S.W.3d at 685 n.32.

[15]  *Cf.* Tex. Code Crim. Proc. art. 64.05 (expressly providing for appeals from orders denying motions for post-conviction DNA testing).

[16]  *See Abbott* v. State, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *Dewalt,* 417 S.W.3d at 683; *see also Herrera v. State*, No. 04-17-00240-CR, 2017 Tex. App. LEXIS 6948, at *1–3 (Tex. App.—San Antonio July 26, 2017, no pet.) (dismissing similar appeal for want of jurisdiction).

4

the act of giving consideration to and ruling upon that motion is a ministerial act."[17]  However, a

court has no duty to rule on motions filed in a case after the court's plenary power has expired.[18]

In this case, the district court's plenary power expired many years before Padilla filed his motion to

compel discovery.  "When a conviction has been affirmed on appeal and the mandate has issued,

general jurisdiction is not restored in the trial court."[19]  "Once general jurisdiction has expired, and

absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized

to do so by a specific statutory source."[20]  The only statutory source that could authorize the district

court to act on Padilla's motion here is the Michael Morton Act.  However, that statute applies only

to offenses committed on or after January 1, 2014.[21]  Padilla's offenses were committed in 1994.[22]

---

[17]  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

[18]  *See State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 48–50 (Tex. Crim. App. 1987); *State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987); *see also In re Sorrow*, No. 14-16-00054-CR, 2016 Tex. App. LEXIS 1152, at *2–3 (Tex. App.—Houston [14th Dist.] Feb. 4, 2016, orig. proceeding) (mem. op., not designated for publication) ("'In general, . . . [a trial court] does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case.'" (quoting *In re Cash*, No. 06-04-00045-CV, 2004 Tex. App. LEXIS 3295, at *2–3 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.))); 43B George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 61.29 (3d ed. 2011) ("If a trial judge lacks authority or jurisdiction to take particular action, the judge has a 'ministerial' duty to refrain from taking that action, to reject or overrule requests that he take such action, and to undo the action if he has already taken it.").

[19]  *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).

[20]  *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010).  For example, Chapter 64 of the Code of Criminal Procedure authorizes the convicting court to act on post-conviction motions for forensic DNA testing.  *See* Tex. Code Crim. Proc. art. 64.01.

[21]  *See* Act of May 14, 2013, 83d Leg., R.S., ch. 49, § 3, 2013 Tex. Gen. Laws 106, 108 ("The change in law made by this Act applies to the prosecution of an offense committed on or after the

Accordingly, the Michael Morton Act is inapplicable here, and thus the district court has no ministerial duty to rule on Padilla's motion to compel discovery under that act.

We grant the State's motion to dismiss and dismiss the appeal for want of jurisdiction. In the alternative, we would deny mandamus relief on the merits.[23]

_____
Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed:   June 26, 2018

---

effective date of this Act [January 1, 2014]. The prosecution of an offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose."). Prior to the effective date of the Michael Morton Act, article 39.14 applied only to discovery motions made "before or during trial," so the former law would also be inapplicable here. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1995 Tex. Gen. Laws 317, 475 (codified at Tex. Code Crim. Proc. art. 39.14).

[22] *See Padilla*, 2003 Tex. App. LEXIS 5088, at *1–3 (summarizing complicated procedural history of case and explaining why Padilla was not tried until 2002 for crimes he committed in 1994).

[23] *See* Tex. R. App. P. 52.8(a).